**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**TAYLOR LENNERT, *et al.*,**

                                        **Plaintiffs,**

**v.**
                                                        **20-CV-479-LJV(HKS)**

**DELTA-SONIC CARWASH SYSTEMS, INC.,**

                                        **Defendant.**
_____

## REPORT, RECOMMENDATION, AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. No. 8.  Plaintiffs, former and current employees of

Defendant Delta-Sonic Carwash Systems, Inc. ("Delta-Sonic), allege that they were

underpaid or denied pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201, *et seq*., and New York Labor Law § 195 ("NYLL").  Dkt. No. 14.  Plaintiffs bring

this action on behalf of themselves and all similarly situated employees.  Currently

before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 20.  For the following

reasons, it is recommended that Defendant's motion be granted in its entirety.


## BACKGROUND

**Factual Background**

        Delta-Sonic operates a soft cloth car wash chain offering car wash,

detailing, oil changes, and rust proofing services.  Dkt. No. 14, ¶ 38.  Delta-Sonic

employs over 4,000 employees at 28 full service car wash locations in New York,

Illinois, and Pennsylvania.  Dkt. No. 14, ¶¶ 2, 37.  The Plaintiff employees assert that Delta-Sonic violated the FLSA and NYLL by not compensating them for their pre-shift "wait time" hours.  Specifically, Plaintiffs assert that Delta-Sonic "prescheduled" employees for particular shifts but required the employees to call in one hour prior to the scheduled shift to determine whether or not their presence was required.  Dkt. No. 14, ¶¶ 4, 53, 55, 65, 68, 77, 79, 86, 87, 96, 98, 106, 107.  Plaintiffs were "routinely" directed to call back in an hour to learn whether they should report to work in person.  Dkt. No. 14, ¶¶ 4, 53, 55, 65, 68, 77, 79, 86, 87, 96, 98, 106, 107.  "[V]ery often," Plaintiffs were asked to "call back in yet another hour."   Dkt. No. 14, ¶¶ 53, 65, 77, 96, 106.  Each Plaintiff spent between two to seven hours a week "simply waiting to find out whether or not [he or she] was working . . ."  Dkt. No. 14, ¶¶ 55, 68, 79, 87, 98, 107.  Plaintiffs allege that this uncompensated time "was exclusively for Defendant's benefit."  Dkt. No. 14, ¶¶ 55, 68, 79, 87, 98, 107.

Plaintiffs allege that Delta-Sonic refused to pay its employees for at least four hours when the employee was scheduled for a full day of work but was asked to leave less than four hours into his or her shift in violation of 12 N.Y.C.R.R. § 142-2.3.  Dkt. No. 14, ¶ 5.  To circumvent the four-hour legal requirement, Delta-Sonic had Plaintiff Mackenzie Lennert ("M. Lennert") electronically sign a false statement stating that she was "voluntarily" leaving before her 4-hour shift was complete.  Dkt. No. 14, ¶ 5.

Delta-Sonic failed to inform Plaintiff Stephanie Wetzel ("Wetzel") of the FLSA's tip credit provisions, 29 U.S.C. § 203(m), as required by law.  Dkt. No. 14, ¶ 6. Additionally, when Plaintiff Wetzel's tips did not equal the minimum wage amount, Delta-Sonic did not compensate her for the difference owed to ensure that she was paid minimum wages for that pay period.  Dkt. No. 14, ¶ 6.

Some of the Plaintiffs worked both tipped jobs and non-tipped jobs.  Dkt. No. 14, ¶ 7.  As such, during a given week, Plaintiffs were paid both minimum wage rates for non-tipped jobs and sub-minimum wage rates for the tipped jobs with the expectation that with tips, the hourly rate would equal minimum wage.  Dkt. No. 14, ¶ 7. For example, when Plaintiff Taylor Lennert ("T. Lennert"), the only named Plaintiff asserting an overtime claim, worked more than 40 hours per week, Delta-Sonic paid her one and a half times her lowest hourly rate (a sub-minimum wage rate) for her overtime hours rather than one and a half times her regular hourly rate.  Dkt. No. 14, ¶¶ 7, 58.

**Procedural Background**

Plaintiffs commenced this action on April 22, 2020.  Dkt. No. 1.  Defendant filed a Motion to Dismiss on July 10, 2020, raising many of the same arguments raised herein.  Dkt. No. 5-2, pp. 2-18.  Instead of responding to the Motion to Dismiss the original Complaint, Plaintiffs filed an Amended Complaint which Defendant now moves to dismiss.  Dkt. Nos. 14, 20.

**ANALYSIS**

**Motion to Dismiss Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"While it is true that the Court must accept all factual allegations listed in the complaint as true for purposes of a 12(b)(6) motion, mere legal conclusions create inadequate grounds for relief." *Beaulieu v. Vermont*, No. 2:10-CV-00032, 2010 WL 3632460, at *2 (D. Vt. Aug. 5, 2010). That is, a pleading that only sets forth a "formulaic recitation of the elements of a cause of action will not do." *Twombley,* 550 U.S. at 555. A plaintiff must demonstrate more than the mere theoretical possibility that she is entitled to relief from the defendant. *Iqbal*, 556 U.S. at 678.

**Pleading FLSA Violations**

The Second Circuit Court of Appeals has ruled that only overtime and minimum wage claims are actionable under the FLSA.  *See, e.g., Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 723 F.3d 192, 201 (2d Cir. 2013) ("The FLSA statute requires payment of minimum wages and overtime wages only, *see* 29 U.S.C. §§ 201–19 (2006).").  An employee bringing an action for unpaid overtime wages under the FLSA must show that she performed overtime work for which she was not properly compensated.  *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 87 (2d Cir. 2003) (internal citations omitted); *Sikiotis v. Vitesse Worldwide Chauffeeured Servs., Inc.*, 147 F. Supp. 3d 39, 43-44 (D. Conn. 2015).  Specifically, she must show that:  (1) she worked in excess of 40 hours in a single workweek (not exempt from the FLSA's overtime pay requirements); and (2) she was not compensated at a premium rate of one and one-half times her regular hourly rate of pay for those excess hours.  *See* 29 U.S.C. § 207(a); *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013); *Hosking v. New World Mortgage, Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009).

The plaintiff "must provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week."  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).  It is insufficient for a plaintiff to estimate her hours without "any other factual context [or] content."  *Dejesus v. HF Mgmt. Servs.*, *LLC,* 726 F.3d 85, 89 (2d Cir. 2013) (affirming that plaintiff failed to state an overtime violation under the

FLSA, where she merely alleged that in "some or all weeks" she worked more than forty hours).

"An employee who has not worked overtime has no claim under FLSA for hours worked below the 40–hour overtime threshold, unless the average hourly wage falls below the federal minimum wage." *Lundy*, 711 F.3d at 115.

Defendant argues that Plaintiffs' federal law claims fail because they have not plausibly alleged that their pre-shift "wait time" was compensable "work" under the FLSA. Even if those hours were compensable and unpaid, Plaintiffs have failed to allege that any one of them worked in excess of 40 hours per week or were paid less than the federal minimum wage. Dkt. No. 20-1, p. 9. Defendant asks that this Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. For the following reasons, this Court recommends that Plaintiffs' Amended Complaint be dismissed in its entirety.

**Compensable Work**

"Whether an activity constitutes compensable work presents a mixed question of law and fact." *Pichardo v. Hoyt Transp. Corp.*, No. 17-CV-3196 (DLI), 2018 WL 2074160, at *3 (E.D.N.Y. Jan. 31, 2018). The question before this Court is whether, assuming the truth of the well-pled facts, Plaintiffs have plausibly alleged that the time spent waiting to learn whether they should report to work amounts to compensable

"work" under the FLSA.  *Id.* (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-69 (2d Cir. 2010)).

"Of course an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen."  *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).  Time spent by an employee "waiting for something to happen" may constitute "working" under the FLSA depending on whether, given the particular facts of a case, the "time spent is predominantly for the employer's benefit or for the employee's [benefit]."  *Id.*  Whether the employee was "engaged to wait" (compensable work) or was "waiting to be engaged" (non-compensable inactivity), *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944), is "dependent upon all the circumstances of the case."  *Armour & Co.*, 323 U.S. at 133

According to the Department of Labor, an employee is "engaged to wait" when her period of inactivity is "unpredictable" and "of short duration" so that she "is unable to use the time effectively for [her] own purposes."  29 C.F.R. § 785.15. Examples of an employee being "engaged to wait" include:

> A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired.

29 C.F.R. § 785.15.  In circumstances such as this, the employee's time "belongs to and is controlled by the employer" and "waiting is an integral part of the job." *Id.*

On the other hand, "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." *Donato v. Serv. Experts, LLC*, No. 117CV436DNHCFH, 2018 WL 4660375, at *5 (N.D.N.Y. Sept. 28, 2018) (granting defendant's motion to dismiss plaintiff's FLSA "wait time" claim where plaintiff alleged that he was required to be available to work by 7:00 a.m. and to be otherwise on call and available for immediate dispatch) (citing *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 360 (2d Cir. 2011) & 29 C.F.R. § 785.16(a)). "When an employee 'is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached,' the employee is merely 'waiting to be engaged' and is not working under the FLSA." *Donato*, 2018 WL 4660375, at *5 (quoting 29 C.F.R. § 785.17).

In this case, Plaintiffs allege that they were required "to call Delta-Sonic one hour or thirty minutes" ahead of their scheduled shifts, that they "routinely . . . [were] told to call back again in another hour," that "very often, [they were] asked to call back in yet another hour," and that they spent between 3-7 hours per week "simply waiting to find out whether or not [they were] working that day." Dkt. No. 14, ¶¶ 53, 55, 65, 68, 77, 79, 86, 87, 96, 98, 106, 107. Plaintiffs allege that this "waiting time was exclusively for Defendant's benefit[,]" and that during these "wait time" hours, they were "precluded from performing any other activities." Dkt. No. 14, ¶¶ 54, 67, 78, 87, 97, 106. Three of the Plaintiffs (T. Lennert, M. Lennert, and Adam Tucker) allege they were "unable to make plans with family and friends during these times . . . ." Dkt. No. 14, ¶¶ 54, 67, 78.

In the view of this Court, Plaintiffs have not plausibly alleged that their wait time was compensable.  *Donato*, 2018 WL 4660375, at *5.  Taking all of Plaintiffs' allegations as true as it must on a motion to dismiss, this Court finds that Plaintiffs were "waiting to be engaged" rather than "engaged to wait" during the relevant time periods. Plaintiffs were not required to be on the employer's premises, were basically "off duty" until the specific hour they were asked to call back (in most cases, in one hour), and the time frame was long enough for Plaintiffs to use for their own benefit.  Plaintiffs could, for example, run errands, do laundry, make phone calls, or watch a television show.  In this regard, the time spent waiting was predictable and relatively unrestricted.  Plaintiffs' conclusory statement that time spent waiting was "exclusively" for Delta-Sonic's benefit is nothing more than a "[t]hreadbare recital[] of [an] element[] of [the] cause of action." *Iqbal*, 556 U.S. at 678.  Such conclusory allegations do not suffice to state a claim upon which relief can be granted.  Accordingly, Plaintiffs' "wait time" claim should be dismissed for failure to plausibly allege that their wait time was compensable.

**Minimum Wage and Overtime Pay**

Even if Plaintiffs had plausibly alleged that their "wait time" was compensable, their FLSA claims still fail because they have not alleged that they earned less than the federal minimum wage or received insufficient overtime pay in any specific workweek.  As previously noted, the "FLSA requires only payment of minimum wages and overtime wages."  *Lundy*, 711 F.3d at 116.  "[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."  *Nakahata*, 723 F.3d at 201.  "[T]he statutory language simply does not

contemplate a claim for wages other than minimum or overtime wages." *Id.*, 723 F.3d at 201-202.

**FLSA Unpaid Overtime Claim (Plaintiff T. Lennert)**

Plaintiff T. Lennert is the only one of the named Plaintiffs to assert an FLSA overtime claim. Dkt. No. 14, ¶¶ 133-137. She alleges generally that she worked "overtime hours" "the week before Memorial Day weekend, July 4th weekend, and Labor Day weekend in 2017 and 2018." Dkt. No. 14, ¶ 51. She alleges that Delta-Sonic paid her "time-and-a-half for all overtime hours," but failed to use the correct "regular rate" to calculate her overtime pay. Dkt. No. 14, ¶¶ 58, 141. Missing from the Amended Complaint are any facts about the number of overtime hours that T. Lennert claims to have worked during any of these weeks, any facts to show what her "regular rate" was during any of these weeks, and any facts to show what she actually got paid. In other words, the Amended Complaint does not contain any facts to support the conclusory allegation that her overtime pay was incorrectly calculated during any of the few weeks she claims to have worked in excess of 40 hours.

A plaintiff does not state a claim for unpaid FLSA overtime when she does "not estimate her hours in any or all weeks or provide any other factual context or content," but instead alleges only that "she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation," as such pleadings merely "rephrase" FLSA § 207(a)(1). *Henao v. Parts Auth., LLC*, No. 19 CIV. 10720 (LGS), 2020 WL 5751175, at *3 (S.D.N.Y. Sept. 25, 2020) (quoting *DeJesus*, 726 F.3d at 89).

Statements that a plaintiff was undercompensated for overtime work "raise the possibility" that her employer violated the FLSA.  *Henao*, 2020 WL 5751175, at *3 (quoting *Nakahata*, 723 F.3d at 201).  "Absent more," however, such assertions lack "plausibility," or "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and that "raise[s] a right to relief above the speculative level."  *Henao*, 2020 WL 5751175, at *3 (quoting *Lundy*, 711 F.3d at 114); *Copper v. Cavalry Staffing, LLC*, No. 14-CV-3676 (FB) (CLP), 132 F. Supp. 3d 460, 465 (E.D.N.Y. Sept. 25, 2015) (finding that plaintiffs had sufficiently alleged an overtime violation under the FLSA when they stated that defendants had "failed to pay [them] for the time they worked in excess of forty hours in any given week," because they corroborated their claims by providing two workweeks as representative examples).

Based on the foregoing, this Court finds that the Amended Complaint fails to state a claim for unpaid overtime under the FLSA.  *Romero v. Metro. Transp. Auth.*, 444 F. Supp. 3d 583, 587 (S.D.N.Y. 2020) (holding that when a plaintiff's overtime allegations are "'devoid of any numbers to consider beyond those plucked from the statute,'" they are "insufficient to state a claim") (internal citation omitted).  Accordingly, it is recommended that this claim be dismissed.

**Minimum Wage Claim (Plaintiff Wetzel)**

Plaintiff Wetzel is the only Plaintiff who purports to assert a

minimum wage claim based on Delta-Sonic's use of tip credits under the FLSA.  Dkt.

No. 14, ¶¶ 126-132.  However, she fails to state a claim because she does not allege

facts sufficient to show that she received less than the federal minimum wage in any

given week.  As previously noted, an employee who has not worked overtime has no

claim under the FLSA for hours worked below the 40-hour overtime threshold, unless

the average hourly wage falls below the federal minimum wage.  *See United States v.*

*Klinghoffer Bros. Realty Corp*., 285 F.2d 487, 494 (2d Cir. 1960); *Monahan v. Cnty. of*

*Chesterfield*, 95 F.3d 1263, 1280 (4th Cir.1996) ("Logically, in pay periods without

overtime, there can be no violation of section 207 which regulates overtime payment.").


The FLSA provides that every employer shall pay to each of his

employees a minimum of $7.25 an hour.  *Johnson v. Equinox Holdings, Inc.*, No. 13

CIV. 6313 RMB JLC, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (citing 29 U.S.C.

§ 206(a)).  "[U]nless [her] average hourly wage falls below the federal minimum wage[,]"

an employee cannot state a claim for a minimum wage violation.  *Johnson*, 2014 WL

3058438, at *3 (citing *Lundy,* 711 F.3d at 115).  "Therefore, to state a FLSA minimum

wage claim, Plaintiff must prove that, in a given week, the total amount [s]he was paid

divided by the number of hours [s]he worked was less than $7.25 per hour."  *Fangrui*

*Huang v. GW of Flushing I, Inc.*, No. 17-CV-3181 (PKC)(JO), 2019 WL 145528, at *5

(E.D.N.Y. Jan. 9, 2019).  In making such a claim, "it is sufficient for a plaintiff to allege

facts about her salary and working hours, such that a simple arithmetical calculation can

be used to determine the amount owed per pay period." *Henao*, 2020 WL 5751175, at *4 (citation omitted). These facts are required to "nudg[e]" such claims "from speculative to plausible." *Henao*, 2020 WL 5751175, at *4.

Where a "Plaintiff does not allege facts about her salary and working hours, such that a simple arithmetical calculation [could] be used to determine the amount owed per pay period, her conclusory minimum wage allegations are insufficient to raise more than a mere possibility of a right to relief." *Palmer v. Trump Model Mgmt., LLC*, 175 F. Supp. 3d 103, 106 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). As Defendant argues, this is not an onerous pleading requirement. Rather, Plaintiffs' "own personal experiences would readily furnish their hours and pay rates." *Henao*, 2020 WL 5751175, at *4.

Plaintiff Wetzel has failed to allege her hours and pay rates for any workweek where she purportedly earned less than the FLSA minimum wage. Wetzel's unsubstantiated minimum wage claim is made all the more speculative by the Amended Complaint's acknowledgement that Delta-Sonic employees were "paid bonuses and commissions" in addition to their hourly rates. Dkt. No. 14, ¶ 40. These payments may also count towards the minimum wage obligation. *See Flick v. Am. Fin. Res., Inc.*, 907 F. Supp. 2d 274, 278 (E.D.N.Y. 2012) (holding that employers may use commissions to satisfy the minimum wage requirement). Wetzel's conclusory allegation that "there were times when her weekly wages did not equal minimum wage under the FLSA" (Dkt. No. 14, ¶ 89) is no substitute for well-pleaded facts about her hours and pay rates.

"Conclusory allegations . . . that a plaintiff's effective hourly wage fell below the minimum wage do not create a plausible claim."  *Henao*, 2020 WL 5751175, at *4. Accordingly, it is recommended that Plaintiff Wetzel's minimum wage claim be dismissed.

**Exercise of Supplemental Jurisdiction**

"It is well settled that where, as here, [plaintiffs'] federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).  Accordingly, federal courts in wage and hour cases routinely decline to exercise supplemental jurisdiction over plaintiffs' NYLL claims when their federal causes of action are dismissed for failure to state a claim.  *Henao*, 2020 WL 5751175, at *7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal citations omitted); *Donato*, 2018 WL 4660375, at *5; *Johnson*, No. 13 CIV. 6313 RMB JLC, 2014 WL 3058438, at *5 (S.D.N.Y. July 2, 2014).  There are no exceptional circumstances in this case that warrant a different conclusion.  Accordingly, it is recommended that this Court decline to exercise jurisdiction over Plaintiffs' state law claims and dismiss them without prejudice to file in New York State Court.

**Sufficiency of the State Law Pleadings**

Should the Court decide to exercise jurisdiction over Plaintiffs' state law claims, it is recommended that it dismiss them for failure to state a claim upon which relief can be granted. Plaintiffs purport to assert four state law claims: (1) a "call-in pay" claim under the NYLL, allegedly brought by Plaintiffs T. Lennert, M. Lennert, Christine McConnell, and Ryen Seyfried (Second Cause of Action); (2) an "unpaid overtime" claim under the NYLL, brought solely by Plaintiff T. Lennert (Fifth Cause of Action); (3) a claim under the NYLL for "failure to provide notices upon hiring," allegedly brought by all six Plaintiffs (Sixth Cause of Action); and (4) a claim under the NYLL for "failure to provide wage statements," allegedly brought by all six Plaintiffs (Seventh Cause of Action). None of these claims are plausibly stated.

In their Second Cause of Action, Plaintiffs contend that Defendant violated the "call-in pay" provisions of 12 N.Y.C.R.R. § 142-2.3. Dkt. No. 14, ¶¶ 120-125. This regulation, which is part of the New York Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, states: "An employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum hourly wage." 12 N.Y.C.R.R. § 142-2.3. Plaintiffs erroneously demand damages for the alleged violation of this New York state regulation under the FLSA. Dkt. No. 14, ¶ 125.

Defendant argues, and this Court agrees, that such violations are only enforceable under the NYLL, and that none of the Plaintiffs has plausibly pled a NYLL claim for call-in pay.  Plaintiffs generally allege that "sometimes" "Delta-Sonic unlawfully refused to pay Plaintiffs Taylor Lennert, Mackenzie Lennert, Ms. Mcconnell [sic] and Mr. Seyfried for at least 4 hours when they commenced their shift at the carwash, but were asked to leave before the completion of four hours."  Dkt. No. 14, ¶¶ 5, 44, 56, 69, 99, 108.  These boilerplate allegations fail to state a plausible claim for call-in pay. *Gregory v. Stewart's Shops Corp.*, No. 7:14-CV-00033, 2015 WL 893058, at *8 (N.D.N.Y. Mar. 2, 2015) ("The allegations that 'plaintiffs' were 'regularly called in' for meetings and to work shifts but were not paid the statutorily required call-in wage amount to nothing more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'") (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff T. Lennert's overtime claim under the NYLL fails for the same reason that her FLSA overtime claim does, as the same pleading standard applies to overtime claims under both statutes.  *See, e.g., DeJesus*, 726 F.3d at 89 n.5 ("In light of the fact that '[t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA,' our conclusions below about the FLSA allegations 'appl[y] equally to [the NYLL] state law claims.'") (alterations in original)).

In their Sixth Cause of Action, Plaintiffs allege that Delta-Sonic violated NYLL § 195(1)(a), which requires an employer to notify an employee of certain information upon hire.  Dkt. No. 14, ¶¶ 144-148.  Plaintiffs do not allege that they failed

to receive any such statutory notice from Delta-Sonic when they were hired.   Rather, Plaintiffs allege that "[t]o the extent any notices were given to Plaintiffs, they were inaccurate and misleading, since they failed to account for Plaintiffs' compensable wait-time."  Dkt. No. 14, ¶ 147.  This presumes that Plaintiffs' pre-shift "wait-time" was compensable.  As previously discussed herein, this Court does not agree that it was.  Moreover, the statute does not require an employer to notify a new employee upon hiring of their "compensable wait-time" or any other hours worked.  *See* NYLL § 195(1)(a).

There are only two other allegations to be found anywhere in the Amended Complaint that are purportedly made in support of this cause of action.  The first is T. Lennert's conclusory allegation that her notice upon hiring "failed to include correct rates for overtime pay."  Dkt. No. 14, ¶ 59.  That allegation fails to state a claim because it is wholly derivative of Lennert's overtime claims, which themselves are not plausibly stated for the reasons previously discussed.  The second is Wetzel's cryptic allegation that her notice upon hiring "failed to provide [her] with the required written wage notice . . . . [and] to the extent such notice was provided, it failed to provide for compensable wait time and minimum wage."  Dkt. No. 14, ¶ 90.  In addition to being impermissibly equivocal, this statement also presumes that Plaintiffs' pre-shift "wait-time" was compensable.

Plaintiffs baldly assert in their Seventh Cause of Action that Delta-Sonic failed to issue wage statements that complied with NYLL § 195(3).  Dkt. No. 14, ¶¶ 149-155.  However, not one of the Plaintiffs identifies a specific workweek in which they did not receive a wage statement or received an inaccurate wage statement.  Instead, Plaintiffs vaguely assert "[t]o the extent any paystubs were given to Plaintiffs, they were inaccurate and misleading, since they failed to account for Plaintiff's compensable wait time, which occurred repeatedly to each of the Plaintiffs on a weekly basis."  Dkt. No. 14, ¶ 154).  For reasons already stated, this Court finds that Plaintiffs have not plausibly alleged that they had any compensable wait-time.

Based on the foregoing, it is recommended that if this Court does exercise supplemental jurisdiction over Plaintiffs' state law claims, it dismiss those causes of action for failure to state a claim.

**Leave to Amend**

Finally, the Court addresses one procedural matter.  In response to Defendant's motion, Plaintiff T. Lennert requests leave to amend the Amended Complaint.  Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint only by leave of Court after a responsive pleading has been served, and such leave shall be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a).  "Despite this lenient standard, however, courts will deny a request for leave to amend the complaint if the proposed amendment would be futile."  *Reese v. FedEx Trade Networks Transp. & Brokerage, Inc.*, No. 19-CV-01698-LJV-MJR, 2020 WL 7232238, at

*1 (W.D.N.Y. Oct. 28, 2020), *report and recommendation adopted*, No. 19-CV-1698-LJV-MJR, 2020 WL 7231618 (W.D.N.Y. Dec. 8, 2020) (citing cases).

This Court finds that any amendment would be futile because:  all of Plaintiffs' claims are predicated on the presumption that their pre-shift "wait-time" was compensable; and this Court has concluded that this inactive time was not compensable "work" under the FLSA, even accepting all of the allegations in the Amended Complaint as true.  *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.")

Moreover, this case is now more than two years old and has not even entered discovery.  Defendant moved to dismiss the original Complaint in July 2020, raising most of the arguments raised in the instant motion.  Plaintiffs filed an Amended Complaint with the understanding that any further amendments would require the opposing party's consent or the court's leave.  *See* Fed. R. Civ. P. 15(a).  In this regard, Plaintiffs were aware of the consequences should the Amended Complaint not pass muster.  *See e.g., Masters v. GlaxoSmithKline,* 271 F. App'x. 46, 51 (2d Cir. 2008). Accordingly, Plaintiff T. Lennert's request to once again amend the Complaint is denied.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that the

Defendants' Motion to Dismiss (Dkt. No. 20) be GRANTED in its entirety.  It is

recommended that Plaintiffs' FLSA claims be dismissed for failure to state a claim and

that this Court decline to exercise jurisdiction over Plaintiffs' state law claims.

Alternatively, it is recommended that Plaintiffs' state law claims be dismissed for failure

to state a claim.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the

Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be

filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute,

Fed.R.Civ.P. 72(b)(2) and Local Rule 72.

The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass.*

*Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections**

**within the specified time or to request an extension of such time waives the right**

**to appeal the District Judge's Order.**  *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

        The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority."  In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."  **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

        **SO ORDERED.**

DATED:      Buffalo, New York
             November 1, 2022

                  *s/ H. Kenneth Schroeder, Jr.*
                  **H. KENNETH SCHROEDER, JR.**
                  **United States Magistrate Judge**