UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAYLOR LENNERT, *et al.*,

       Plaintiffs,

  v.                                               20-CV-479-LJV-HKS
                                                            DECISION & ORDER

DELTA-SONIC CARWASH SYSTEMS,
INC.,

       Defendant.

_____

      On April 22, 2020, Taylor Lennert, Mackenzie Lennert, Adam Tucker, Stephanie Wetzel, Ryen Seyfried, and Christine McConnell commenced this action on behalf of themselves and others similarly situated against their current and former employer, Delta-Sonic Carwash Systems, Inc. ("Delta-Sonic").  Docket Item 1.  They allege that they were underpaid or denied pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and New York Labor Law § 195 ("NYLL").  *Id.*  After Delta-Sonic moved to dismiss, Docket Item 5, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(B) and (C), Docket Item 8.

      In response to the motion to dismiss, the plaintiffs filed an amended complaint on October 20, 2020.  Docket Item 14.  On December 3, 2020, Delta-Sonic moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket Item 20.  The plaintiffs responded on February 17, 2021, Docket Item 26, and Delta-Sonic replied on March 26, 2021, Docket Item 31.  On November 1, 2022, Judge Schroeder issued a Report, Recommendation and Order ("RR&O") recommending that

Delta-Sonic's motion to dismiss should be granted in its entirety and finding that any further amendment would be futile.  Docket Item 32.

On November 29, 2022, the plaintiffs objected to Judge Schroeder's RR&O. Docket Item 35.  Delta-Sonic responded on December 27, 2022, Docket Item 36, and the plaintiffs replied on January 10, 2023, Docket Item 37.  This Court heard oral argument on March 16, 2023.  Docket Item 45.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the RR&O; the record in this case; the objections, response, and reply; and the materials submitted to Judge Schroeder.  Based on that *de novo* review, the Court agrees with Judge Schroeder that Delta-Sonic's motion to dismiss should be granted but grants the plaintiffs leave to file a second amended complaint.

## **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)). The court also may consider any "documents . . . [that the] plaintiff[] . . . relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sun Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

## **DISCUSSION**

The amended complaint alleges that Delta-Sonic violated the FLSA and the NYLL by failing to: (1) pay employees for pre-shift wait-time hours; (2) pay employees for a full four hours when they were scheduled to work a full day but worked fewer than four hours; (3) inform employees about tip-credit provisions and compensate for the difference necessary to meet minimum-wage requirements; and (4) pay overtime hours based on regular hourly rates. Docket Item 14. In his RR&O, Judge Schroeder found that the plaintiffs "fail[ed] to plausibly allege that their wait time was compensable," and likewise failed to allege "that they earned less than the federal minimum wage or received insufficient overtime pay." Docket Item 32 at 9. He also found that plaintiff Taylor Lennert failed to support "the conclusory allegation that her overtime pay was incorrectly calculated," *id.* at 10-11, and that plaintiff Wetzel failed to plausibly allege "that she received less than the federal minimum wage in any given week," *id.* at 12-14. Finally, Judge Schroeder found that this Court should decline to exercise supplemental

3

jurisdiction over the state law claims and that if the Court disagreed, it should dismiss those claims for failure to state a claim.  *Id.* at 14-18.

As a "procedural matter," Judge Schroeder denied Taylor Lennert's request to amend the complaint because any amendment would be futile.  *Id.* at 18-19; *see* Docket Item 26 at 29 (seeking "leave to replead [Taylor Lennert's] overtime claims" (capitalization omitted)).  In their objections to the RR&O, the plaintiffs submitted a proposed second amended complaint, *see* Docket Item 35-1, and argued that they should be given an opportunity to file that pleading to address the specific deficiencies that Judge Schroeder identified for all the plaintiffs' claims.  Docket Item 35.  The defendant's response does not address the substance of the second amended complaint but instead argues that the request to amend should be denied because the plaintiffs did not comply with the Local Rules of Civil Procedure and because they did not present the second amended complaint to Judge Schroeder.  Docket Item 36.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires."  Moreover, the Second Circuit has expressed a strong preference for resolving cases on the merits:

> [W]e hew to the liberal standard set forth in Rule 15, which states that "the court should freely give leave to amend when justice so requires."  As we have explained, the "permissive standard" of Rule 15 "is consistent with our strong preference for resolving disputes on the merits."

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (alterations and internal citations omitted).

This Court agrees with Judge Schroeder that for the reasons stated in the RR&O, the amended complaint is subject to dismissal.  But Judge Schroeder decided that leave to amend should not be granted before he had the opportunity to evaluate the proposed

4

second amended complaint.[1]  Moreover, this is the plaintiffs' first opportunity to amend after the deficiencies in their pleading were noted by the Court.  So it is only fair to give them one last opportunity to plead a viable claim.  *See id.* ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").

Therefore, given the Second Circuit's strong preference for deciding claims on the merits, and absent any argument why the proposed second amended complaint fails substantively, the plaintiffs are granted leave to amend one final time.[2]

## **CONCLUSION**

For the reasons stated above and in the RR&O, the plaintiffs' first amended complaint is subject to dismissal, but the plaintiffs are granted leave to amend their complaint one final time.  Accordingly, the defendant's motion to dismiss, Docket Item 20, will be granted unless the plaintiffs file a second amended complaint within 21 days of the date of this decision and order.  The defendant shall answer or move against the second amended complaint within 30 days of the date the second amended complaint is filed.  This case is returned to Judge Schroeder for further proceedings consistent with the prior referral order, Docket Item 8.

---

[1] While this Court agrees with Delta-Sonic that presenting a proposed amended complaint as an attachment to objections to a Report, Recommendation and Order is not the conventional way to seek such relief, a "local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).

[2] Other than a conclusory statement during oral argument that amendment would be futile, Delta-Sonic fails to explain *why* amendment would be futile.

SO ORDERED.


Dated: March 31, 2023
       Buffalo, New York


                                                  */s/ Lawrence J. Vilardo*
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE