UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAYLOR LENNERT, et al.

                                   Plaintiffs,

                v.

DELTA-SONIC CARWASH SYSTEMS, INC.,

                              Defendant.

_____

Civil Action No.
1:20-cv-00479-LJV-HKS

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

BOND, SCHOENECK & KING, PLLC
Louis Orbach
Katherine McClung
350 Linden Oaks, Third Floor
Rochester, NY 14625
Telephone: (585) 362-4700
Fax: (585) 362-4701
Email: OrbachL@bsk.com
Email: McclungK@bsk.com

*Attorneys for Defendant
  Delta-Sonic Carwash Systems, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

MOTION TO DISMISS STANDARD........................................................................2

ARGUMENT ..............................................................................................................2

I.     Plaintiffs' FLSA Claims Are All Time-Barred Because They Have Never
       Filed Written Consents to Join this Action...........................................................3

II.    Many of Plaintiffs' FLSA Claims Would Be Time-Barred In Any Event,
       Because They Have Not Plausibly Pled Willfulness .................................................4

III.   Plaintiffs Fail to Plausibly State Any Claim in the SAC .........................................6

       A.     Plaintiff T. Lennert Fails to Plausibly Allege an Overtime Claim Under the
              FLSA or the NYLL.................................................................................................6
       B.     Plaintiffs Stephanie Wetzel and Christine McConnell Fail to Plausibly
              Allege a Minimum Wage Claim ............................................................................9
       C.     Plaintiffs Fail to Plausibly Allege a "Wait Time" Claim...........................12

              i.   Plaintiffs Fail to Plausibly Allege That Their "Wait Time" Was
                   Compensable................................................................................................ 13

              ii.  Plaintiffs Fail to Plausibly Allege That "Wait Time" Caused Them to Earn
                   Less Than Minimum Wage or to Receive Insufficient Overtime Pay Under the
                   FLSA In Any Specific Workweek ...................................................................... 19

       D.     Plaintiffs Taylor Lennert, Mackenzie Lennert, Christine McConnell, and
              Ryen Seyfried Fail to Plausibly Allege a Call-In Pay Claim Under the NYLL ....20
       E.     Plaintiffs Fail to Plausibly Allege a NYLL Notice Upon Hiring Claim....22
       F.     Plaintiffs Fail to Plausibly Allege a NYLL Wage Statement Claim .........24

IV.    In the Alternative, If this Court Finds Any State Law Claims Are Plausibly
       Plead, It Should Decline to Exercise Supplemental Jurisdiction...........................24

CONCLUSION............................................................................................................25

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amponin v. Olayan Am. Corp.*,
    2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015) .......................................................25

*Armenta v. Stater Bros. Markets*,
    2021 WL 1102444 (C.D. Cal. Mar. 23, 2021) .......................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................2, 5, 11, 24

*Astroworks, Inc. v. Astroexhibit, Inc.*,
    257 F. Supp. 2d 609 (S.D.N.Y. 2003) ..................................................................17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................2

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*,
    757 F.2d 523 (2d Cir.1985).................................................................................17

*Bridges v. Empire Scaffold, L.L.C.*,
    875 F.3d 222 (5th Cir. 2017) ..........................................................................13, 14

*Campbell v. Empire Merchants, LLC*,
    2018 WL 5456666 (E.D.N.Y. Aug. 27, 2018).......................................................14

*Colliton v. Cravath, Swaine & Moore LLP*,
    2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), aff'd, 356 F. App'x 535
    (2d Cir. 2009) .....................................................................................................17

*DeJesus v. HF Mgmt. Servs.*,
    726 F.3d 85 (2d Cir. 2013)..............................................................................7, 24

*Donato v. Serv. Experts LLC*,
    2018 WL 4660375 (N.D.N.Y. Sept. 28, 2018)................................................18, 19

*Dozier v. Deutsche Bank Tr. Co. Americas*,
    2011 WL 4058100 (S.D.N.Y. Sept. 1, 2011)........................................................17

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)..................................................................................18

*Gomez v. Nat'l Fin. Network, Inc.*,
    2021 WL 8084337 (E.D.N.Y. Aug. 2, 2021)........................................................24

*Gonzales v. El Acajutia Restaurant, Inc.*,
  2007 WL 869583 (E.D.N.Y. March 20, 2007) ..........................................................4

*Gorelick v. Home Attendant Servs. Of Hyde Park*,
  2009 WL 10706718 (E.D.N.Y. July 16, 2009) ......................................................3, 4

*Gorman v. Consol. Edison Corp.*,
  488 F.3d 586 (2d Cir. 2007) ................................................................................14

*Gorman v. Energy Nuclear Operations, Inc.*,
  2006 WL 4774619 (S.D.N.Y. Apr. 14, 2006) .......................................................14

*Gregory v. Stewart's Shops Corp.*,
  2015 U.S. Dist. LEXIS 24412 (N.D.N.Y. March 1, 2015) ....................................20

*Henao v. Parts Auth.*,
  2020 WL 5751175 (S.D.N.Y. Sept. 25, 2020) .........................................................7

*IBP, Inc. v. Alvarez*,
  546 U.S. 21 (2005) ..............................................................................................14

*Integrity Staffing Solutions, Inc. v. Busk*,
  574 U.S. 27 (2014) .........................................................................................13, 15

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013) ................................................................................19

*Lusk v. Serve U Brands, Inc.*,
  2018 WL 826857 (W.D.N.Y. Feb. 12, 2018) .........................................................12

*Maddison v. Comfort Sys. USA (Syracuse), Inc.*,
  2020 WL 2560964 (N.D.N.Y. May 20, 2020) ..........................................................4

*Mejia v. Farmland Mut. Ins. Co.*,
  2018 WL 3198006 (E.D. Cal. June 26, 2018) .....................................................9, 10

*Morales v. Constr. Directions LLC*,
  2021 WL 8317096 (E.D.N.Y. Aug. 27, 2021) ......................................................3, 4

*Nakahata v. N.Y. Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. 2013) ..........................................................................5, 7, 19

*Perkins v. Bronx Lebanon Hosp. Ctr.*,
  2016 WL 6442117 (S.D.N.Y. Oct. 31, 2016), aff'd, 715 F. App'x 103
  (2d Cir. 2018) .....................................................................................................16

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
  507 F.3d 117 (2d Cir. 2007) ..................................................................................2

*Premick v. Dick's Sporting Goods, Inc.*,
   2007 WL 141913 (W.D. Pa. Jan. 18, 2007)................................................................9

*Watkins v. First Student, Inc.*,
   2018 WL 1135480 (S.D.N.Y. Feb. 28, 2018)..................................................7, 11, 24

*Whiteside v. Hover-Davis, Inc.*,
   995 F.3d 315 (2d Cir. 2021).............................................................................5

**Statutes**

28 U.S.C. § 1367...............................................................................................25

29 U.S.C. § 206(a)(1)(C) ....................................................................................11

29 U.S.C § 216(b) ...............................................................................................3

29 U.S.C. § 254(a) ............................................................................................13

29 U.S.C. § 255(a) ..............................................................................................3

29 U.S.C. § 256.....................................................................................................3

NYLL § 195(1)(a)..........................................................................................22, 24

NYLL § 195(3) ...................................................................................................24

Portal-to-Portal Act..................................................................................13, 14, 15

**Other Authorities**

29 C.F.R. § 531.59(b) ........................................................................................10

29 C.F.R. § 778.115 .............................................................................................8

29 C.F.R. § 785.14 ............................................................................................15

29 C.F.R. § 785.15 ............................................................................................15

29 C.F.R. § 785.16 ............................................................................................15

29 C.F.R. § 785.17 ................................................................................15, 16, 18

29 C.F.R. § 790.7(g) ..........................................................................................14

12 N.Y.C.R.R. § 142-2.1(a)(3) .........................................................................22

12 N.Y.C.R.R. § 142-2.1(b).............................................................................18

12 N.Y.C.R.R. § 142-2.3 ................................................................................................20, 21

NYDOL Opinion Letter, RO-08-0127.........................................................................16

NYDOL Opinion Letter RO-09-0133..........................................................................21

NYDOL Sample Notice and Acknowledgement of Pay Rate and Payday Under
    Section 195.1 of the New York State Labor Law, Notice for Multiple Hourly Rate
    Employees......................................................................................................................23

USDOL Coefficient Table for Computing Extra Half-Time for Overtime at
    https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/CoefficientTableWH-134.pdf .......8

## PRELIMINARY STATEMENT

Plaintiffs Taylor Lennert, Mackenzie Lennert, Adam Tucker, Stephanie Wetzel, Ryen Seyfried, and Christine McConnell bring this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Their original Complaint asserted nine claims on behalf of all six Plaintiffs but did not contain sufficient factual allegations to render any of the claims plausible. Thus, Defendant Delta-Sonic Carwash Systems, Inc. ("Delta-Sonic") moved to dismiss for failure to state a claim upon which relief could be granted. Plaintiffs did not oppose that motion. Instead, they filed an Amended Complaint ("AC") which, while it significantly curtailed the claims from the original Complaint, omitting some claims entirely, still failed to plausibly allege any claim that remained. Accordingly, Delta-Sonic filed a second motion to dismiss.

This Court found the AC failed to state any plausible claim and recommended granting Delta-Sonic's second motion to dismiss in its entirety. (*See* RR&O at 20). Judge Vilardo "agree[d] . . . that for the reasons stated in the RR&O, the [AC] is subject to dismissal." (Decision & Order at 4). Judge Vilardo gave Plaintiffs "one last opportunity to plead a viable claim." (Decision & Order at 5). Plaintiffs have now filed a Second Amended Complaint ("SAC"), containing a nominal amount of new factual allegations. However, those small changes are insufficient to plausibly state any claim. As Judge Vilardo made it clear that the SAC was Plaintiffs' last chance to plead a plausible claim, Plaintiffs' SAC should be dismissed in its entirety with prejudice.

Additionally, Plaintiffs never filed consents to join this FLSA putative collective action, so the statute of limitations on their FLSA claims has continued to run. As they admit in the SAC, none of them have worked at Delta-Sonic in the past two or three years, and thus, their FLSA claims are all time-barred at this juncture, regardless of which FLSA statute of limitations applies. Their FLSA claims should be dismissed with prejudice for this additional, independent reason.

1

Finally, even if Plaintiffs had filed consent to join forms at the outset of this matter, some of their FLSA claims would still be time-barred. They have not plausibly pled willfulness, and therefore, the applicable FLSA statute of limitations period is two years, not three years. For all these reasons, Delta-Sonic respectfully moves to dismiss the SAC in its entirety with prejudice.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "A complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (internal quotation marks omitted). As discussed below, the SAC fails to state any plausible claim that would entitle any of the Plaintiffs to relief. It should be dismissed in its entirety.

## ARGUMENT

As discussed in Point I, Plaintiffs' FLSA claims are time-barred in their entirety because they never filed consent to join forms and none of them have worked for Delta-Sonic within the last two or three years. As discussed in Point II, many of Plaintiffs' FLSA claims would be time-

barred in any event, under the two-year statute of limitations, because the SAC does not plausibly plead willfulness as is required to extend the limitations period to three years. As discussed in Point III, the SAC fails to state a plausible claim under the FLSA or the NYLL. Finally, as discussed in Point IV, in the event the Court dismisses all FLSA claims and any NYLL claims are remaining, the Court should decline to exercise supplemental jurisdiction.

## I. Plaintiffs' FLSA Claims Are All Time-Barred Because They Have Never Filed Written Consents to Join this Action

The statute of limitations for FLSA claims is two years, or three years where there is a willful violation. *See* 29 U.S.C. § 255(a). "In an FLSA collective action suit, the statute of limitations continues to run for each plaintiff – including the named plaintiff – until he or she files a written consent opting into the suit. . . . A signed consent does not relate back to the complaint's original filing date." *Gorelick v. Home Attendant Servs. Of Hyde Park*, 2009 WL 10706718, at *1-2 (E.D.N.Y. July 16, 2009); *see also Morales v. Constr. Directions LLC*, 2021 WL 8317096, at *3 (E.D.N.Y. Aug. 27, 2021) (holding that the statute of limitations continued to run for named plaintiffs because they never filed a written consent to join with the court). This clear requirement stems from "[t]he plain text of the statute. . ." *Morales*, 2021 WL 8317096, at *3.

Specifically, the FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C § 216(b). The FLSA further provides:

> [I]n the case of a collective or class action instituted under the Fair Labor Standards Act of 1938 . . . it shall be considered to be commenced in the case of any individual claimant – (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

3

Here, none of the Plaintiffs has ever filed a written consent to join in this putative collective action.  Therefore, the statute of limitations on their FLSA claims has continued to run.  In the SAC, Plaintiffs admit that none of them has worked for Delta-Sonic within the past two or three years.  (*See* SAC ¶¶ 76 ("Taylor Lennert worked for Defendant . . . until on or about March 2020"); 104 ("Mackenzie Lennert worked for Defendant . . . until about April 2019); 117 ("Adam Tucker . . . worked for Defendant . . . until on about [sic] October 2017"); 127 ("Stephanie Wetzel . . . worked for Defendant from July 15, 2017 to February 13, 2019"); 139 ("Ryen Seyfried . . . worked for Delta-Sonic . . .until the summer of 2017"); 150 ("Christine McConnell . . . worked for Defendant . . . until about June or July 2019")).  Therefore, even under the longer three-year FLSA statute of limitations, their FLSA claims are all time-barred and must be dismissed with prejudice. *See, e.g.*, *Morales*, 2021 WL 8317096, at *3 (granting motion for judgment on the pleadings and dismissing FLSA claims as time-barred because the named plaintiffs never filed written consents to join with the court); *Maddison v. Comfort Sys. USA (Syracuse), Inc.*, 2020 WL 2560964, at *3 (N.D.N.Y. May 20, 2020) (granting motion to dismiss and holding "Plaintiffs' FLSA claims are time-barred" because they did not file timely consent to join forms); *Gonzales v. El Acajutia Restaurant, Inc.*, 2007 WL 869583, at *4-5 (E.D.N.Y. March 20, 2007) (holding that because one named plaintiff "has never filed such a consent" to join the action, his FLSA claim "is time-barred"); *Gorelick*, 2009 WL 10706718, at *1-2 (holding that because "neither plaintiff . . . has filed a written consent in this case, [it] is therefore time-barred and must be dismissed").

## II.    Many of Plaintiffs' FLSA Claims Would Be Time-Barred In Any Event, Because They Have Not Plausibly Pled Willfulness

Plaintiffs have not plausibly pled willfulness, and therefore, the applicable FLSA statute of limitations period in this action is two years, not three years.  Thus, any FLSA claims accruing more than two years prior to the commencement of this action (*i.e.*, prior to April 22, 2018) would

be time-barred, even if Plaintiffs had filed consent to join forms. Tucker and Seyfried did not work for Delta-Sonic at all within the two years prior to the filing of this action, so any FLSA claims for them would be time-barred. (*See* SAC ¶¶ 117, 139). T. Lennert, Wetzel, and McConnell all started working for Delta-Sonic prior to April 22, 2018, so to the extent any of their FLSA claims accrued[1] prior to that date, they would be time-barred as well. (*See* SAC ¶¶ 76, 127, 150).

FLSA claims "are generally subject to a two-year statute of limitations." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021). "FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." *Id.* at 320. The "court should not accept as true allegations that amount to mere 'legal conclusions,' including those concerning a defendant's state of mind." *Id.* at 321 (quoting *Iqbal*, 556 U.S. at 678). Without factual allegations that an employee-plaintiff's "managers acted in any manner suggesting an awareness that their actions violated or could violate the FLSA. . .", the pleading "permit[s] at most an inference that Defendants negligently" violated the FLSA, which is not sufficient to plausibly plead willfulness. *Id.* at 324 (affirming grant of motion to dismiss FLSA claims that accrued over two years prior to complaint where plaintiff failed to plausibly allege willfulness).

Here, Plaintiffs' SAC merely alleges in conclusory fashion that "Delta-Sonic engaged in a willful, deliberate and intentional scheme" (*see* SAC ¶ 25). Plaintiffs make no factual allegations that their managers had any "awareness that their actions violated or could violate the FLSA" as required to plausibly plead willfulness. *Whiteside*, 995 F.3d at 324. Therefore, to the extent any of Plaintiffs' FLSA claims accrued prior to April 22, 2018, they are time-barred – separate and apart from the consent to join issue. *See id*.

---

[1] "The cause of action for FLSA . . . claims accrues on the next regular payday following the work period when services are rendered." *Nakahata v. N.Y. Presbyterian Healthcare Sys.*, 723 F.3d 192, 198 (2d Cir. 2013).

III.    **Plaintiffs Fail to Plausibly State Any Claim in the SAC**

The SAC purports to assert the following claims:  (a) an FLSA and NYLL overtime claim, brought solely by Plaintiff T. Lennert; (b) an FLSA and NYLL minimum wage claim, brought solely by Plaintiffs Wetzel and McConnell; (c) an FLSA and NYLL "unpaid wait time" claim, allegedly brought by all six Plaintiffs; (d) a NYLL call-in pay claim, brought solely by Plaintiffs T. Lennert, M. Lennert, McConnell and Seyfried; (e) a NYLL wage notice claim for all Plaintiffs; and (f) a NYLL wage statement claim for all Plaintiffs.  None of these claims are plausibly stated.  Thus, the SAC should be dismissed in its entirety with prejudice.

A.  **Plaintiff T. Lennert Fails to Plausibly Allege an Overtime Claim Under the FLSA or the NYLL**

In the SAC's Fourth and Fifth Causes of Action, Plaintiff T. Lennert purports to assert an FLSA and NYLL claim for unpaid overtime.  (*See* SAC ¶¶ 190-200).  She was also the sole Plaintiff to assert overtime claims in the AC.  This Court previously concluded that the AC "fail[ed] to state a claim for unpaid overtime" because "[m]issing . . . are any facts about the number of overtime hours that T. Lennert claims to have worked during any of these weeks, any facts to show what her 'regular rate' was during any of these weeks, and any facts to show what she actually got paid."  (RR&O at 10).  Judge Vilardo agreed.  (*See* Decision & Order at 4).

The SAC fails to correct these deficiencies.  T. Lennert still does not provide "facts about the number of overtime hours" in a specific workweek, "facts to show what her 'regular rate' was" during that week, or facts to show her total compensation for that week.  (RR&O at 10).  Indeed, while she references a single workweek where she claims she was not paid sufficient overtime compensation, she does not identify "the number of overtime hours" worked that week (RR&O at 10), and instead, she merely makes the conclusory allegation that she "worked in excess of forty hours" that week.  (*See* SAC ¶ 84).  Similarly, there are not sufficient factual allegations "to show what her 'regular rate' was" or her "total compensation" for that week.  (*See* RR&O at 10).  She

merely alleges that she was paid at three hourly rates ($7.85, $10.40, and $12.00), but fails to specify how many hours she worked at each rate and whether she received any other compensation such as tips, bonuses or commissions during that workweek.  (*See* SAC ¶¶ 80-86).

Therefore, T. Lennert's bare-bone allegations in the SAC do not provide the very information that this Court specified was needed in its RR&O – *i.e.*, how many overtime hours did she work, what was her regular rate, and what was her total compensation for the week.  *See, e.g.*, *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018) (granting motion to dismiss because plaintiff did not "provide enough information—such as hours worked, rate of pay, and income earned—for the Court to do the math and conclude that she plausibly was not compensated for overtime").  Without this information, the Court cannot determine how much overtime pay she was legally entitled to receive and how much she was actually paid for overtime, which is necessary to determine whether an employee has a plausible claim that they "received insufficient overtime pay in any specific workweek" under the FLSA or NYLL.  (RR&O at 9).  *See Henao v. Parts Auth.*, 2020 WL 5751175, at *8 (S.D.N.Y. Sept. 25, 2020) (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2018)) (holding that allegations that a defendant failed to pay overtime wages "equal to at least one and one-half times [a plaintiff's] regular wage rates, for work performed in excess of 40 hours per week," merely "'raise the *possibility* that Plaintiffs were undercompensated in violation of the FLSA'"); *see also DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 n.5 (2d Cir. 2013) ("In light of the fact that '[t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA,' our conclusions below about the FLSA allegations 'appl[y] equally to [the NYLL] state law claims.").

Moreover, T. Lennert's wage statement for the week referenced in the SAC disproves her allegation that Delta-Sonic paid her at the rate of $11.78 per hour for her overtime hours (as well as her allegations about the hourly rates of pay she received that week).  *See Armenta v. Stater Bros. Markets*, 2021 WL 1102444, at *1 (C.D. Cal. Mar. 23, 2021) (considering a wage statement

on motion to dismiss).  This wage statement reflects that she was paid at two hourly rates for her straight-time work – $11.15 per hour and $7.85 per hour.  (*See* Lutz Decl. Ex. A).  The wage statement also reflects that she worked 40.42 in "Total Hours," so based on Plaintiff T. Lennert's representation to this Court, her wage statement should reflect $4.95 in overtime pay (0.42 overtime hours x $11.78).  However, her wage statement reflects that she received two overtime payments - $4.68 in "Overtime" and $5.00 in "Coefficient OT"[2] – for total overtime compensation of $9.68 – nearly double what Plaintiff T. Lennert alleged that she received for overtime pay (*i.e.*, $11.78 x 0.42 overtime hours = $4.95).

In the SAC, T. Lennert argues that she should have received one and one-half times the weighted average of her various hourly rates of pay for her overtime hours (*see* SAC ¶ 79), but this wage statement reflects that – in fact – she received significantly more than that.  Specifically, the weighted average of her various hourly rates of pay can be calculated by taking the "compensation during the workweek from all such [hourly] rates, and . . . then divid[ing] by the total number of hours worked at all jobs."  29 C.F.R. § 778.115.  Here, the compensation from all hourly rates during this workweek is $433.46, calculated as follows:

| Hourly Rate | Hours Worked | Compensation |
|---|---|---|
| $11.15 | 2.58 | $28.77 |
| $11.15 | 1.13 | $12.80 |
| $7.85 | 5.22 | $40.98 |
| $11.15 | 31.07 | $346.43 |
| $11.15 | 0.42 | $4.68 |
| **TOTALS** | 40.42 hours | $433.46 |

When this number is divided by the total hours worked (40.42), the resulting weighted average hourly rate is $10.72.  Plaintiff T. Lennert claims that she should have been paid "one and one-

---

[2]  The USDOL uses the term coefficient overtime to reference the premium portion of overtime compensation.  (*See* USDOL Coefficient Table for Computing Extra Half-Time for Overtime at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/CoefficientTableWH-134.pdf).

half times the weighted average of her various rates of pay" for her overtime hours. (*See* SAC ¶ 79). In other words, based on her own allegations, T. Lennert should have been paid $10.72 x 1.5 x 0.42 overtime hours, which is $6.75. As her wage statement reflects, she was paid $9.68 in total overtime payments – over 40% more than she claims she was entitled to receive.

In sum, Plaintiff T. Lennert's overtime claims should be dismissed for two independent reasons. First, the SAC's insufficient factual allegations do not plausibly allege an overtime claim for all the same reasons this Court found the AC deficient. (*See* RR&O at 10-11, 16). Second, the SAC's factual allegations are belied by her own contemporaneous wage statement, which the Court can consider on a motion to dismiss. *See, e.g.*, *Mejia v. Farmland Mut. Ins. Co.*, 2018 WL 3198006, at *3-7 (E.D. Cal. June 26, 2018) (considering wage statements and granting motion to dismiss on wage statement claim based on those wage statements); *Premick v. Dick's Sporting Goods, Inc.*, 2007 WL 141913, at *2, 4 (W.D. Pa. Jan. 18, 2007) (considering pay stubs and granting motion to dismiss overtime claims based on those pay stubs).

### B. Plaintiffs Stephanie Wetzel and Christine McConnell Fail to Plausibly Allege a Minimum Wage Claim

In the SAC's Third Cause of Action, Plaintiffs Stephanie Wetzel and Christine McConnell purport to assert a minimum wage claim based on Delta-Sonic's use of tip credits under the FLSA and NYLL. (*See* SAC ¶¶ 177-189). Neither of them states a plausible minimum wage claim, however, because neither alleges sufficient facts "to show she received less than the . . . minimum wage in any given workweek." (RR&O at 12). To state a plausible minimum wage claim, a plaintiff "'must prove that, in a given week, the total amount [s]he was paid divided by the number of hours [s]he worked was less'" than minimum wage, "'such that a simple arithmetical calculation [could] be used to determine the amount owed[.]'" (RR&O at 12, 13 (citations omitted)). "[T]his

is not an onerous pleading requirement.  Rather, Plaintiffs' 'own personal experiences would readily furnish their hours and pay rates.'"  (RR&O at 13 (citation omitted)).

As an initial matter, Wetzel and McConnell's minimum wage claims are based on their false allegations that Delta-Sonic took a tip credit without notifying employees.  (*See* SAC ¶ 62). Specifically, employers should notify employees:

> The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips. . . .

29 C.F.R. § 531.59(b).  Delta-Sonic provided this notice to Wetzel and McConnell in their wage notices, and the Court can consider those wage notices because they are integral to the SAC and its wage notice claim.  *See Mejia*, 2018 WL 3198006, at *3-7.  Wetzel and McConnell's wage notices reflect that Delta-Sonic provided notice about the cash wage hourly rates to be paid to these employees and the amount of the tip credit rates that Delta-Sonic would take.  The wage notices also stated that "[t]he tip allowance claimed by the employer cannot exceed the amount of tips actually received by the tipped employee" and further provided that "[a]ll tips received by the tipped employee are to be retained by the employee. . ."  (*See* Lutz Decl. Exs. B-C).

Furthermore, even apart from these wage notices, the SAC's allegations are insufficient to plausibly plead a minimum wage claim.  Wetzel has failed to allege her hours and pay rates for any workweek where she purportedly earned less than the FLSA or NYLL minimum wage.  She has therefore failed to state a plausible minimum wage claim in the SAC for the same reasons this Court found she failed to state such a claim in the AC.  (RR&O at 13).  Wetzel has not corrected any of the deficiencies in her minimum wage claim previously identified by this Court. (*Compare*

AC ¶¶ 84-93 *with* SAC ¶¶ 127-138; *see also* RR&O 12-14).  Therefore, her minimum wage claims in the SAC should be dismissed with prejudice.

McConnell also fails to plausibly allege a minimum wage claim.  While she (and all the Plaintiffs) asserted a minimum wage claim in the original Complaint, she (and most of the Plaintiffs) abandoned the minimum wage claim in the AC.  Now, in the SAC, she has changed her position yet again to claim that she did not receive minimum wage. She provides a sole workweek where she claims that she did not receive minimum wage and alleges her hourly rate of pay and hours worked that week.  This workweek is insufficient for McConnell to plausibly allege a FLSA minimum wage claim for two reasons.  First, the workweek is from December 2017, but any FLSA claims for that week are time-barred, as explained in Point II, *supra*.  *See, e.g.*, *Watkins*, 2018 WL 1135480, at *8 (granting motion to dismiss FLSA claim where the plaintiff failed to plausibly allege willfulness and her FLSA claim was based on workweeks that were outside the two-year statute of limitations).   Second, even if her allegations about this workweek were timely, she acknowledges that she was paid $67.62 for reporting to work for 8.3 hours. (*See* SAC ¶ 156).  This equates to an hourly pay rate of $8.15 per hour, which is over federal minimum wage.  *See* 29 U.S.C. § 206(a)(1)(C) (providing that federal minimum wage is $7.25 per hour).  For these reasons, McConnell's allegations do not plausibly state a minimum wage claim under the FLSA, and her FLSA minimum wage claim should be dismissed with prejudice.

Furthermore, McConnell and Wetzel's FLSA and NYLL minimum wage claims should also be dismissed because the SAC does nothing more than offer a "threadbare recital[] of [the] elements" of a minimum wage claim – *i.e.*, asserting "mere conclusory statements" that they received either no notice or insufficient notice of the tip credit.  *Iqbal*, 556 U.S. at 663.  (In fact, as discussed above, Delta-Sonic did provide sufficient notice of the tip credit).  Beyond their

conclusory allegations about receiving no notice or insufficient notice, the SAC fails to include any specific, factual allegations indicating that there was anything improper about any tip credits Delta-Sonic may have taken in connection with McConnell or Wetzel's pay. They never allege that Delta-Sonic took the wrong tip credit amount or that they failed to receive enough tips to bring them up to the minimum wage rate.

Moreover, the SAC acknowledges that Delta-Sonic employees were "paid bonuses and commissions" in addition to their hourly rates. (SAC ¶ 43). As this Court previously noted, this acknowledgement makes any minimum wage claim "all the more speculative" as "[t]hese payments may also count towards the minimum wage obligation." (RR&O at 13). Yet, in the SAC, McConnell and Wetzel still fail to disclose the amount of any bonuses or commissions they received in any week. As Judge Telesca held in similar circumstances, "without knowing the amount of the[se] . . . additional wages paid to Named Plaintiffs, it is impossible to conclude from the allegations in the complaint that Defendants failed to pay them the . . . minimum wage in any given week." *Lusk v. Serve U Brands, Inc.*, 2018 WL 826857, at *2 (W.D.N.Y. Feb. 12, 2018).

In sum, McConnell and Wetzel have failed to plausibly allege any workweek when they were not paid minimum wage under the FLSA or NYLL. Their wage notices also reflect that the premise of the claim – Delta-Sonic's alleged failure to provide notice of the tip credit – is false. Their minimum wage claims under the FLSA and NYLL should be dismissed with prejudice.

### C.  Plaintiffs Fail to Plausibly Allege a "Wait Time" Claim

In their First Cause of Action, Plaintiffs assert a "wait time" claim under the FLSA and NYLL, seeking "compensation for the hours they spent waiting" to find out whether they should go into work. (SAC ¶ 58). Plaintiffs fail to plausibly allege any "wait time" was compensable, and their "wait time" claims pursuant to the FLSA and NYLL should be dismissed for this reason.

Their FLSA "wait time" claim also fails for a second, independent reason – *i.e.*, even if the time was compensable, they fail to plausibly allege that unpaid "wait time" caused them to earn less than the federal minimum wage or to receive insufficient overtime pay in any specific workweek. Their "wait time" claims should be dismissed for each of these reasons, as further discussed below.

### i. Plaintiffs Fail to Plausibly Allege That Their "Wait Time" Was Compensable

As a threshold matter, Plaintiffs fail to plausibly allege that their "wait time" was compensable. Plaintiffs argue that they should receive "compensation for the hours they spent waiting" because the time was "for the employer's benefit. . ." (*See* SAC ¶ 58). However, this standard does not apply to time spent waiting for work at the start or end of the workday. The Supreme Court recently considered this issue in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), where warehouse employees were not compensated for "time spent waiting to undergo and actually undergoing security screenings" on the employer's premises at the end of each workday. *Id.* at 30. The employees "alleged that such time amounted to roughly 25 minutes each day . . ." *Id.* The Court of Appeals found these securities screenings were done "for the benefit of the employer" and were "compensable as integral and indispensable to an employee's principal activities. . ." *Id.* at 30-31. The Supreme Court reversed, finding that "[a] test that turns on whether the activity is for the benefit of the employer is . . . overbroad" in the context of activities that were preliminary and postliminary to the employee's principal activities. *Id.* at 36; *see Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 227 (5th Cir. 2017) (holding that the primary benefit test does not apply to pre-shift waiting time). The Supreme Court relied on the Portal-to-Portal Act, which provides that "no employer shall be subject to any liability . . . [for] activities which are preliminary to or postliminary to said principal activity . . ." 29 U.S.C. § 254(a).

13

Under this standard, the USDOL has concluded that actions like "checking in" and even "waiting in line to do so" are non-compensable preliminary activities. *See* 29 C.F.R. § 790.7(g). Numerous courts have also ruled that pre-shift "wait time" similar to (and even more restrictive than) that alleged by Plaintiffs in the present case is non-compensable time. For example, in one recent case, an employee alleged that prior to starting work, "he was, as a practical matter, required to wait in the shape-up room or other locations within earshot of the defendant's loudspeakers so that, if chosen for a work assignment, he could hear his name announced and respond." *Campbell v. Empire Merchants, LLC*, 2018 WL 5456666, at *6 (E.D.N.Y. Aug. 27, 2018), recommendation adopted, 2019 WL 2206065 (E.D.N.Y. May 22, 2019). The district court held that this wait time was non-compensable, based on the Portal-to-Portal Act, the USDOL's regulations, and Supreme Court precedent. *See id.* at *6-7; *see also IBP, Inc. v. Alvarez*, 546 U.S. 21, 41 (2005) ("We discern no limiting principle that would allow us to conclude that the waiting time in dispute here is a 'principal activity.'"); *Bridges*, 875 F.3d at 223-24, 227-28 (holding that where employees were required to take company buses to the work site and buses arrived up to 100 minutes before the shift began, the pre-shift waiting time was not compensable); *Gorman v. Energy Nuclear Operations, Inc.*, 2006 WL 4774619, at *4 (S.D.N.Y. Apr. 14, 2006), aff'd sub nom. *Gorman v. Consol. Edison Corp.*, 488 F.3d 586 (2d Cir. 2007) ("Plaintiff argues that he should be compensated for the very activities that are explicitly not compensable under the law. No reasonable jury could find that the activities that Plaintiff wishes to be compensated for, including checking in and checking out [and] waiting in line to check in or check out . . . are compensable activities that are integral to the performance of his principal activity. Plaintiff has presented absolutely no cases or regulations that would allow this Court to reach any other conclusion.").

In the present case, the "wait time" was plainly non-compensable because it was preliminary to the employee's principal activities – *i.e.*, Plaintiffs were not hired for the purposes of making phone calls about their shift schedules. *See Integrity Staffing*, 574 U.S. at 33 ("An activity is . . . integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities."). Rather, as they admit in the SAC, they were hired to perform "car washing outside" and to "advis[e] clients at the front gate" of the car wash. (*See* SAC ¶¶ 78). Therefore, the time spent making pre-shift calls and waiting to find out whether to report to work are exactly the type of preliminary activities that the Portal-to-Portal Act provides are non-compensable.

Even if the Portal-to-Portal Act did not establish that such preliminary activity was not compensable, the USDOL's guidance, which would apply to wait time not barred by the Portal-to-Portal Act, would preclude Plaintiffs' claim. As the USDOL recognized in the introductory section of its waiting time guidance, "[w]hether waiting time is time worked under the Act depends upon particular circumstances." 29 C.F.R. § 785.14. The USDOL then provided several sections of guidance to address different circumstances – on-duty time (29 C.F.R. § 785.15), off-duty time (29 C.F.R. § 785.16), and on-call time (29 C.F.R. § 785.17). Here, Plaintiffs are asserting a claim for time spent on-call, waiting to find out when to report to work. Indeed, throughout the SAC, they reference this time as spent "On-Call" and refer to "Delta-Sonic's On-Call policy." (*See, e.g.,* SAC ¶¶ 47, 54, 56, 62, 64, 88, 106, 119, 129, 141, 152). The USDOL guidance applicable to the compensability of on-call time (as opposed to other types of time spent waiting) is as follows:

> An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's

premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

29 C.F.R. § 785.17.  "The NYLL incorporate[s] FLSA standards for determining whether time worked is compensable time."  *Perkins v. Bronx Lebanon Hosp. Ctr.*, 2016 WL 6462117, at *4 n.6 (S.D.N.Y. Oct. 31, 2016), aff'd, 715 F. App'x 103 (2d Cir. 2018) (internal quotation marks omitted); *see also* NYDOL Opinion Letter, RO-08-0127[3] (determining that "subject to call" time is not compensable and defining that as "time in which employees are permitted to leave the work room or workplace between work assignments to engage in personal pursuits and activities.  In some cases, they may be restricted to a specified area, to be reachable by telephone or otherwise, to report to the work assignments within 15 to 30 minutes, etc.").

Plaintiffs have not pled sufficient factual content (as opposed to conclusory assertions) to plausibly allege that their "on-call time" was compensable under the FLSA or NYLL.  This Court previously determined that the AC failed to plausibly allege that the on-call time was compensable because "Plaintiffs were not required to be on the employer's premises" and "the time frame was long enough for Plaintiffs to use for their own benefit."  (*See* RR&O at 9).  "Plaintiffs could, for example, run errands, do laundry, make phone calls, or watch a television show. . .  [T]he time spent waiting was predictable and relatively unrestricted."  (*See id.*).  Judge Vilardo agreed with this analysis.  (*See* Decision & Order at 4).

The SAC fails to cure these deficiencies and still fails to state a plausible "wait time" claim.  As in the AC, each of the Plaintiffs admits in the SAC that the calls followed a predictable and routine schedule – they called Delta-Sonic "one hour or thirty minutes before the start of [their]

---

[3]  This opinion letter is available on-line at https://statistics.labor.ny.gov/legal/counsel/pdf/On%20Call/RO-08-0127%20-%20On%20Call%20Time.doc.pdf.  A copy is attached as Exhibit 1 to the McClung Declaration for the Court's convenience.

scheduled shift," they were "routinely . . . told to call back again in another hour, and very often,

[they were] asked to call back in yet another hour." (*See* SAC ¶ 88 (T. Lennert), *see also id.* ¶¶

106 (same allegation for M. Lennert), 119 (same allegation for Tucker), 129 (same allegation for

Wetzel), 141 (same allegation for Seyfried), 152 (same allegation for McConnell)).

In the SAC, Plaintiffs attempt to generically allege that the "amount of time Defendant

required Plaintiffs to wait in between phone calls was unpredictable and followed no set pattern."

(*See* SAC ¶ 50). However, this allegation should be disregarded as it contradicts Plaintiffs' prior

pleadings, as well as each Plaintiffs' specific, individual allegations in the SAC. *See Dozier v.*

*Deutsche Bank Tr. Co. Americas*, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011) (holding that

while courts generally accept as true the factual allegations in the complaint on a motion to dismiss,

this rule does not apply where "allegations ... conflict with a plaintiff's prior allegations" from an

earlier pleading); *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (S.D.N.Y.

Sept. 24, 2008), aff'd, 356 F. App'x 535 (2d Cir. 2009) ("Where a plaintiff blatantly changes his

statement of the facts in order to respond to the defendant['s] motion to dismiss ... [and] directly

contradicts the facts set forth in his original complaint, a court is authorized to accept the facts

described in the original complaint as true." (internal quotation marks omitted)); *Astroworks, Inc.*

*v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 n.10 (S.D.N.Y. 2003) ("A complaint may not allege

inconsistent facts because facts are binding judicial admissions." (citing *Bellefonte Re Ins. Co. v.*

*Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir.1985) ("A party's assertion of fact in a pleading is a

judicial admission by which it normally is bound throughout the course of the proceeding.")).

Plaintiffs also allege for the first time in the SAC that when they called Delta-Sonic before

their shift, they were sometimes "forced to wait 'on hold' during the phone calls" which "last[ed]

between five- and fifteen minutes." (SAC ¶ 48). However, this new allegation does not change

this Court's previous analysis.  This time was still "relatively unrestricted" (*see* RR&O at 9), as Plaintiffs were still able to engage in many personal activities, such as doing laundry or watching a television show, while "on hold" during phone calls.

Plaintiffs have simply not alleged any facts to show that this time was compensable under federal or state law.  They have not alleged that they were required to be "on the employer's premises" during the on-call time.  *See* 29 C.F.R. § 785.17.  They have not alleged that they were required to be available for work at a specific "place prescribed by the employer."  12 N.Y.C.R.R. § 142-2.1(b).  The only restriction alleged in the SAC is that Delta-Sonic told them not to travel "any distance away from their assigned car wash location if doing so would result in them taking more than one hour to arrive if they were called back into work . . ."  (SAC ¶ 52).  In other words, Plaintiffs could be anywhere within a one-hour radius of the car wash. Based on this allegation, Plaintiffs had a wide variety of ways to use the on-call time for personal reasons within that one-hour radius.  For example, they could spend the on-call time at home watching television, texting with a friend, doing laundry, or running errands.  (*See* RR&O at 9). These allegations are insufficient to plausibly allege that the on-call time was compensable under federal or state law. *See, e.g.*, *Donato v. Serv. Experts LLC*, 2018 WL 4660375, at *3-5 (N.D.N.Y. Sept. 28, 2018) (granting motion to dismiss wait time claim where plaintiff alleged that he was required to be available to work by 7:00 a.m. and otherwise be on call and available for immediate dispatch). Plaintiffs' conclusory allegation that Delta-Sonic's alleged one-hour radius restriction prevented them from leaving their houses and from doing any personal activities (*see* SAC ¶¶ 53-54) is absurd, and the Court need not credit such facially implausible assertions.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 740 (2d Cir. 2013) ("We conclude that the allegations stated in the Complaint. . . lack facial plausibility sufficient to withstand a motion to dismiss.").

In sum, when "an employee 'is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached,' the employee is merely 'waiting to be engaged'" and the time is not compensable. *Donato*, 2018 WL 4660375, at *5. Here, at most, Plaintiffs have alleged that they were "waiting to be engaged," and accordingly, Plaintiffs' "wait time" claim should be dismissed for failure to plausibly allege that their wait time was compensable. *See id*. (*See also* RR&O at 9).

### ii. Plaintiffs Fail to Plausibly Allege That "Wait Time" Caused Them to Earn Less Than Minimum Wage or to Receive Insufficient Overtime Pay Under the FLSA In Any Specific Workweek

Even had Plaintiffs plausibly alleged that their "wait time" was compensable, they still fail to state a FLSA claim because they have not plausibly alleged that unpaid wait time caused them to earn less than the federal minimum wage or to receive insufficient overtime pay in any specific workweek. The "FLSA requires only payment of minimum wages and overtime wages." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013). "[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." *Nakahata*, 723 F.3d at 201. "[T]he statutory language simply does not contemplate a claim for wages other than minimum or overtime wages." *Id*. at 201-202. (*See also* RR&O at 9-10). Thus, to state a "wait time" claim under the FLSA, Plaintiffs must specifically allege either that (1) their wages over a specific workweek were less than the federal minimum wage ($7.25), or (2) they worked over 40 hours in a specific workweek and did not receive sufficient overtime pay. *See Lundy*, 711 F.3d at 114-116. None of the Plaintiffs has met either of these pleading standards, and therefore, each Plaintiff's FLSA wait time claim should be dismissed for this reason as well. Indeed, none of the Plaintiffs even purports to assert an FLSA minimum wage claim other than Wetzel and McConnell, and they fail to state a plausible claim in that regard,

19

as discussed in Point III(B), *supra*.  Similarly, none of the Plaintiffs purports to assert an FLSA overtime claim other than T. Lennert, and she fails to state a plausible FLSA claim for unpaid overtime, as discussed in Point III(A), *supra*.

### D. Plaintiffs Taylor Lennert, Mackenzie Lennert, Christine McConnell, and Ryen Seyfried Fail to Plausibly Allege a Call-In Pay Claim Under the NYLL

In the SAC's Second Cause of Action, Plaintiffs T. Lennert, M. Lennert, McConnell, and Seyfried purport to assert a "call-in pay" claim under 12 N.Y.C.R.R. § 142-2.3.  (*See* SAC ¶¶ 172-176).  The NYDOL's Minimum Wage Order for Miscellaneous Industries and Occupations states: "An employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum hourly wage."  12 N.Y.C.R.R. § 142-2.3.  None of the four Plaintiffs asserting this cause of action has plausibly pled a NYLL claim for call-in pay under the regulation.

The SAC alleges that "Delta-Sonic unlawfully refused to pay Plaintiffs Taylor Lennert, Mackenzie Lennert, Ms. McConnell and Mr. Seyfried for at least 4 hours when they commenced their shift at the carwash, but were asked to leave before the completion of four hours."  (SAC 7). Each of these four Plaintiffs alleges this happened "sometimes."  (SAC ¶¶ 97, 110, 144, 157).  As this Court previously recognized and as Judge Vilardo agreed, "[t]hese boilerplate allegations fail to state a plausible claim for call-in pay."  (*See* RR&O at 16; Decision & Order at 4).

"The allegations that 'plaintiffs' were 'regularly called in' . . . to work shifts but were not paid the statutorily required call-in wage amount to nothing more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  *Gregory v. Stewart's Shops Corp.*, 2015 U.S. Dist. LEXIS 24412, at *19 (N.D.N.Y. March 1, 2015).  "The contentions are nothing more than unadorned, the-defendant-harmed-someone-accusations which do not satisfy *Iqbal*'s plausibility standard."  *Gregory*, 2015 U.S. Dist. LEXIS 24412, at *20.

Plaintiff T. Lennert only adds one new factual allegation in the SAC regarding the call-in pay claim.  Specifically, she alleges that she was sent home after 3 hours on October 27, 2019, and "Defendant did not pay her for a full four-hours of work on October 27, 2019."  (SAC ¶ 98).  However, this is also insufficient to plausibly plead a call-in pay claim.  The call-in pay regulation does not entitle employees to four full hours of pay.  Rather, they are entitled to "at least four hours . . . at the basic minimum hourly wage."  12 N.Y.C.R.R. § 142-2.3.  The NYDOL has clarified how to calculate this call-in pay obligation as follows:

> [S]ince... the basis for the minimum... wage payment required by the Miscellaneous Wage Order shall be weekly, the call-in pay provision only requires additional payment where an employee's wages for the workweek are less than the minimum... wage rate for all hours worked plus any call-in pay owed.  In other words, if the amount paid to an employee for the workweek exceeds the minimum... rate for the number of hours worked and the minimum wage rate for any call-in pay owed, **no additional payment for call-in pay is required during that workweek**.

(*See* NYDOL Opinion Letter RO-09-0133) (emphasis added).[4]  In other words, employers are entitled to offset any call-in pay obligation by amounts paid over the minimum wage for the remainder of the week.  As a result of this offset, an employee may not be entitled to any call-in pay during a workweek, even if they were sent home early and worked less than four hours.  Accordingly, T. Lennert's allegation that she was sent home early on one day – without any additional factual allegations about how many total hours she worked that week and how much she was paid for the entire week – is insufficient to state a plausible call-in pay claim.

---

[4] This letter is available on-line at https://statistics.labor.ny.gov/legal/counsel/pdf/On%20Call/RO-09-0133%20-%20Call-In%20Pay.pdf.  A copy is attached as Exhibit 2 to the McClung Declaration for the Court's convenience.

In fact, T. Lennert's wage statement for that workweek[5] reflects that she received $105.68 in hourly pay, $54.85 in commissions,[6] and $12.00 in tips and that she worked 9.43 hours. (*See* Lutz Decl. Ex. E). Based on her allegation that she was sent home one hour early on one workday this week, this means that she was entitled to be paid at least minimum wage ($11.10 at the time) for 10.43 hours (9.43 hours worked + 1 call-in pay). *See* 12 N.Y.C.R.R. § 142-2.1(a)(3) (providing that the New York minimum wage for the "[r]emainder of the state (outside of New York City and Nassau. Suffolk, and Westchester counties)" is "$11.10 per hour on and after December 31, 2018"). Thus, T. Lennert needed to receive at least $115.77 for the workweek and as reflected on her contemporaneous wage statement, she received well over that amount in her regular compensation. Accordingly, she was not legally entitled to any additional call-in pay during this workweek.

In sum, this call-in pay claim should be dismissed for two independent reasons. First, the SAC's bare-bones allegations do not plausibly allege that T. Lennert, M. Lennert, McConnell or Seyfried were ever entitled to receive any call-in pay that they were not paid in any given workweek. Second, the SAC's limited factual allegations regarding T. Lennert's call-in pay claim are belied by her applicable wage statement, which the Court may consider on this motion to dismiss. Accordingly, these Plaintiffs have failed to state a plausible call-in pay claim, and this claim should be dismissed with prejudice.

### E. Plaintiffs Fail to Plausibly Allege a NYLL Notice Upon Hiring Claim

In their Sixth Cause of Action, Plaintiffs baldly allege that Delta-Sonic violated NYLL § 195(1)(a), which requires an employer to notify an employee of certain information upon hire.

---

[5] As noted in Point III(A), *supra*, this Court may consider wage statements, as they are integral to the SAC.

[6] As noted in Point III(B), *supra*, commissions count towards the minimum wage obligation.

(*See* SAC ¶¶ 202-206).  Not one of the Plaintiffs goes so far as to allege, without equivocation, that they failed to receive *any* such statutory notice from Delta-Sonic when they were hired. Instead, the SAC asserts that "[t]o the extent any notices were given to Plaintiffs, they were inaccurate and misleading, since they failed to provide accurate notice, in writing or otherwise, explaining the basis for Defendant's attempt to claim tip credit to reduce Plaintiffs' wages below the statutory minimum wage rate for certain jobs."  (SAC ¶ 204).  However, as discussed in Point III(B), *supra*, the wage notices for the only two Plaintiffs asserting minimum wage claims (Wetzel and McConnell) contained the required tip credit notice language.

Plaintiffs also allege that Delta-Sonic's notices failed to provide an "accurate overtime rate…"  (SAC ¶ 205).  However, only one Plaintiff – T. Lennert – alleges that she was paid at an incorrect overtime rate.  For the reasons stated in Point III(A), her allegations are implausible and she was paid more than she claims she was entitled to receive in overtime.  Furthermore, her wage notice[7] contained the following language about the overtime pay rate:

> This must be at least 1.5 times the worker's weighted average of the multiple rates of pay for the week, with few exceptions.  The weighted average is the total regular pay divided by the total hours worked in the week.  The overtime rate may vary from week to week depending on how many hours you worked with each rate of pay.

(*See* Lutz Decl. Ex. D).  This is nearly verbatim the exact language used in the NYDOL's sample wage notice for employees with multiple pay rates.  (*See* NYDOL Sample Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor

---

[7] As discussed in Point III(A), *supra*, the Court may consider this notice because it is integral to the SAC and its wage notice claim.

Law, Notice for Multiple Hourly Rate Employees).[8]  For all of the foregoing reasons, none of the

six Plaintiffs has plausibly alleged a claim on which relief can be granted under NYLL § 195(1)(a).

### F.  Plaintiffs Fail to Plausibly Allege a NYLL Wage Statement Claim

In their Seventh Cause of Action, Plaintiffs baldly assert that Delta-Sonic failed to issue

wage statements that complied with NYLL § 195(3).  (*See* SAC ¶¶ 208-211).  However, not one

of the Plaintiffs identifies a specific workweek in which they did not receive a wage statement or

received an inaccurate wage statement.  Their "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

The most the six Plaintiffs collectively allege is that "Defendant failed to provide Plaintiffs

with accurate wage statements that included their actual hours worked each week – including both

On-Call time, and Call-in hours – and that failed to accurately list their regular rates of pay, and

that failed to accurately explain Defendant's tip credit scheme, as described above."  (SAC ¶ 67).

Thus, their NYLL wage statement claim is entirely derivative of the minimum wage, overtime,

and wait time claims.  As they have failed to plausibly assert any of those claims, their wage

statement claim is necessarily implausible as well and should also be dismissed with prejudice.

### IV.    In The Alternative, If This Court Finds Any State Law Claims Are Plausibly Plead, It Should Decline To Exercise Supplemental Jurisdiction

Courts often dismiss both FLSA and NYLL claims where they are not plausibly plead.

*See, e.g.*, *Dejesus, LLC*, 726 F.3d at 89 (affirming the dismissal and FLSA and NYLL claims);

*Gomez v. Nat'l Fin. Network, Inc.*, 2021 WL 8084337, at *1 (E.D.N.Y. Aug. 2, 2021) (report &

recommendation) (recommending the dismissal of FLSA and NYLL overtime claims and NYLL

wage statement claim); *Watkins*, 2018 WL 1135480, at *11 (granting motion to dismiss entire

---

[8] This is available online at https://dol.ny.gov/system/files/documents/2022/10/ls55.pdf.  A copy
is attached as Exhibit 3 to the McClung Declaration for the Court's convenience.

complaint, including NYLL call-in pay claim, NYLL spread of hours claim, and NYLL overtime claim); *Amponin v. Olayan Am. Corp.*, 2015 WL 1190080, at *2-4 (S.D.N.Y. Mar. 16, 2015) (granting motion to dismiss FLSA and NYLL claims). However, if this Court dismisses all FLSA claims and finds any NYLL claim is plausibly plead, the Court should decline to exercise supplemental jurisdiction over such NYLL claims. *See* 28 U.S.C. § 1367.

## CONCLUSION

For the reasons herein, Delta-Sonic respectfully submits that its motion should be granted and that the SAC should be dismissed in its entirety with prejudice. In the alternative, if this Court finds any NYLL claim is plausibly plead and dismisses all FLSA claims, the Court should decline to exercise supplemental jurisdiction over those NYLL claims.

Dated: May 4, 2023                    BOND SCHOENECK & KING PLLC

By:   /s/Katherine McClung
                Louis Orbach
                Katherine McClung
        350 Linden Oaks, Third Floor
        Rochester, NY 14625
        Telephone: (585) 362-4703
        *Attorneys for Delta-Sonic Carwash Systems, Inc.*

15856939.5