UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

TAYLOR LENNERT, *et al.*,

        Plaintiffs,

    v.                                             20-CV-479-LJV-HKS
                                                      DECISION & ORDER
DELTA-SONIC CARWASH SYSTEMS,
INC.,

        Defendant.

───────────────────────────────

On April 22, 2020, Taylor Lennert, Mackenzie Lennert, Adam Tucker, Stephanie Wetzel, Ryen Seyfried, and Christine McConnell commenced this action on behalf of themselves and others similarly situated against their current or former employer, Delta-Sonic Carwash Systems, Inc. ("Delta-Sonic"). Docket Item 1. The plaintiffs allege that they were underpaid or denied pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law § 195 ("NYLL"). *Id.* After Delta-Sonic moved to dismiss, Docket Item 5, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Docket Item 8.

Judge Schroeder issued a Report, Recommendation, and Order ("RR&O"), finding that Delta-Sonic's motion to dismiss should be granted without leave to amend. Docket Item 32. This Court adopted the RR&O in part but gave the plaintiffs leave to amend. Docket Item 46.

The plaintiffs then filed a second amended complaint ("SAC"), Docket Item 47, and Delta-Sonic again moved to dismiss, Docket Item 48.  After the plaintiffs responded, Docket Item 52, Delta-Sonic replied, Docket Item 55.

Judge Schroeder issued a Report and Recommendation ("R&R"), again finding that Delta Sonic's motion to dismiss should be granted as to the plaintiffs' federal claims.  Docket Item 56.  Judge Schroeder further recommended that this Court decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.  *Id.*  Both sides objected, Docket Items 57 and 58; responded to each other's objections, Docket Items 62 and 63; and replied, Docket Items 64 and 65.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections, responses, and replies; and the materials submitted to Judge Schroeder.  Based on that *de novo* review, this Court adopts in part Judge Schroeder's recommendation.  More specifically, this Court declines to adopt the R&R only with respect to Taylor Lennert's overtime claim under the FLSA and otherwise agrees with Judge Schroeder that the plaintiffs' federal claims should be dismissed.  This Court also agrees with Judge Schroeder that the wage statements Delta-Sonic submitted may not be considered on motion to dismiss.  Instead, this Court will toll Delta-Sonic's time to

answer and allow Delta-Sonic to file a motion for summary judgment on Lennert's[1] overtime claim as set forth below.  The Court denies without prejudice Delta-Sonic's motion to dismiss the plaintiffs' state law claims.[2]

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1]  This Court uses "Lennert" to refer to Taylor Lennert, as plaintiff Mackenzie Lennert is not discussed individually in this decision and order.

[2]  As explained below, if this Court grants summary judgment to Delta-Sonic on Lennert's federal claim, the Court will decline to exercise supplemental jurisdiction over the state law claims; if this Court allows Lennert's federal claim to proceed to discovery, it will address Delta-Sonic's motion to dismiss the state law claims at that time.

# DISCUSSION[3]

The SAC alleges that Delta-Sonic violated the FLSA by failing to: (1) pay employees for pre-shift wait time hours; (2) inform employees about tip-credit provisions and compensate them for the difference necessary to meet minimum-wage requirements; and (3) pay employees for overtime hours based on their regular hourly rates.[4]  Docket Item 47.  Delta-Sonic argues that the SAC should be dismissed because the FLSA claims are time barred and because the plaintiffs fail to state a claim under the FLSA.  *See generally* Docket Item 48-3.  In support of its motion, Delta-Sonic provides wage statements, which it contends the Court can consider on a motion to dismiss.  *See id.* at 13-15; Docket Item 48-2 at 3-11.[5]

## I.      STATUTE OF LIMITATIONS

Judge Schroeder recommended dismissing the plaintiffs' FLSA claims as untimely.  Docket Item 56 at 9.  More specifically, Judge Schroeder agreed with Delta-Sonic "that because the named plaintiffs have never filed the written consents required by the FLSA, their claims are time barred, even under the three-year statute of limitations."  *Id.* at 4.  Judge Schroeder noted that the FLSA

> specifies that a collective or class action under the statute is "commenced" by a claimant:

---

[3]  The Court assumes the reader's familiarity with the facts alleged in the SAC, *see* Docket Item 47, and Judge Schroeder's analysis in the R&R, *see* Docket Item 56.

[4]  The SAC also alleges various violations of the NYLL.

[5]  Page numbers in docket citations refer to ECF pagination.

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought*; or

(b) *if such written consent was not so filed* or if his name did not so appear—*on the subsequent date on which such written consent is filed in the court in which the action was commenced*.

*Id.* at 3 (quoting 29 U.S.C. § 256). And Judge Schroeder explained that "[c]ourts in this Circuit have held that a named plaintiff in a FLSA collective action must submit written consent to join the lawsuit—in addition to the complaint—before the statute of limitations expires." *Id.* at 4 (quoting *Morales v. Constr. Directions LLC*, 2021 WL 8317096, at *3 (E.D.N.Y. Aug. 27, 2021)).

In their objection to the R&R, the plaintiffs rely on *Markovic v. Milos Hy, Inc.*, 2023 WL 4763807 (S.D.N.Y. July 26, 2023), to argue that because they brought a "dual capacity" lawsuit, their "individual claims" should be allowed to proceed even if the collective action is dismissed as untimely. Docket Item 57 at 15-18. The court in *Markovic* acknowledged that "[t]he Second Circuit has not yet addressed the effect of the failure to timely file a FLSA consent form on the individual claims of a named plaintiff in an action that is styled a 'class and collective action.'" 2023 WL 4763807, at *5. And the court noted that "[c]ourts elsewhere have adopted a variety of approaches and reached a variety of conclusions." *Id.* After careful analysis, the *Markovic* court found that because the plaintiffs had pleaded "both collective and class action claims and individual claims," the individual claims could proceed even though the collective claims were time barred. *Id.* at *6.

In reaching that conclusion, the *Markovic* court followed the Seventh Circuit's analysis in *Smith v. Professional Transportation, Inc.*, 5 F.4th 700 (7th Cir. 2021).  In that case, the Seventh Circuit found that a plaintiff can bring a "dual capacity" lawsuit under 29 U.S.C. § 216(b), "in which a plaintiff sues simultaneously as a group representative and as an individual."  5 F.4th at 704.  In such a case, "[r]egardless of what happens to the collective action, [the plaintiff] is entitled to proceed individually." *Id*. at 705.

This Court agrees with the analysis in *Smith* and *Markovic*.  Here, as in those cases, the SAC "contain[s] sufficient factual allegations related to [the plaintiffs'] individual claims to put [Delta-Sonic] on notice that [the plaintiffs] intended to sue it both in an individual and a representative capacity."  *See id*.  After all, the plaintiffs "explicitly stated as much in the caption of both [their] original complaint and in [their SAC], which [i]s the operative pleading."  *See id*.; *see also* Docket Items 1 and 47.  And it makes little sense for the plaintiffs to "be deprived of the right to pursue their claims individually" simply because they pleaded "the right also to pursue the case as a collective action [but] have failed for procedural reasons to satisfy one of the requisites to pursue [the] collective action."  *Markovic*, 2023 WL 4763807, at *6.

Therefore, this Court finds that the plaintiffs' individual claims are not time barred.[6]  The Court agrees with Judge Schroeder, however, that the collective action is barred by the statute of limitations, and those claims therefore are dismissed.

---

[6]  Delta-Sonic argues that this Court should not consider the plaintiffs' "dual capacity" argument because they failed to raise it before Judge Schroeder.  Docket Item 62 at 8-9.  This Court acknowledges that a district court typically will not consider new arguments that a party failed to raise before the magistrate judge.  *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009).  Here, however, the Court in its

## II.    WAGE STATEMENTS

As noted above, Delta-Sonic submitted several of the plaintiffs' wage statements in support of its motion to dismiss.  Judge Schroeder concluded that he could not consider the wage statements because "[w]hile the SAC refers generally to [the] plaintiffs' wage statements, the complaint does not expressly incorporate any specific document or make them integral to their pleading."  Docket Item 56 at 10.

Delta-Sonic argues in its objection that "courts consider documents upon which the 'complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.'"  Docket Item 58 at 13 (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).  And, according to Delta-Sonic, the wage statements are "documents upon which [the p]laintiffs' claims 'stand[] or fall[].'"  *Id.* at 14 (quoting *Glob. Network*, 458 F.3d at 157).

This Court agrees with Judge Schroeder that it would be improper to consider the wage statements on a motion to dismiss.  Federal Rule of Civil Procedure 12(d) clearly states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (emphasis added).  In such a case, "[a]ll parties must be given a reasonable opportunity to present all the material

_____

discretion will consider the plaintiffs' argument for two reasons.  First, the case in this circuit on which the plaintiffs primarily rely—*Markovic*—was decided several weeks *after* they filed their opposition to Delta-Sonic's motion to dismiss.  And while the plaintiffs could have submitted, but did not submit, a notice of supplemental authority to Judge Schroeder, the Court finds that more forgivable than failing to cite an available case in their opposing papers.  Second, this Court agrees with the court's analysis in *Markovic* on an important issue in an unsettled area of law.

that is pertinent to the motion."  *Id.*; *see also Glob. Network*, 458 F.3d at 155 ("As indicated by the word 'shall,' the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory.'" (alteration in original) (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999); *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985))).  In other words, a court may not consider extrinsic evidence on a motion to dismiss unless it converts the motion into one for summary judgment and gives the opposing party an opportunity to respond.

Indeed, while Delta-Sonic quotes selectively from *Global Network*, the Second Circuit found in that case that "the district court [had] committed reversible error when, in ruling that the complaint failed to state a claim for which relief could be granted, it considered matters outside [the] plaintiff's complaint."  458 F.3d at 156.  The court explained that "[t]he purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits."  *Glob. Network*, 458 F.3d at 155.  "The Rule thus assesses the legal feasibility of the complaint[] but *does not weigh the evidence* that might be offered to support it."  *Id.* (emphasis added).  The court then noted that "[i]n most instances where this exception is recognized, the incorporated material is *a contract or other legal document* containing obligations upon which the plaintiff's complaint stands or falls."  *Id.* at 157 (emphasis added) (citing *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 196-97 (2d Cir. 2005) (considering contract in breach of contract case)).  That is not the case here.

In sum, the wage statements do not meet the narrow exception of documents that a court may consider on a motion to dismiss.  Therefore, like Judge Schroeder, this Court declines to consider the wage statements in connection with Delta-Sonic's motion to dismiss.

## III.   THE PLAINTIFFS' PRE-SHIFT WAIT TIME CLAIM

This Court previously found that the plaintiffs had failed to state a claim for "unpaid wait time."  Docket Item 46 at 4 (adopting RR&O's recommendation that claims were subject to dismissal); *see* Docket Item 32 at 6-9 (RR&O's analyzing unpaid wait time claims).  In the SAC, the plaintiffs add allegations that: "(1) they were not 'permitted to leave their homes' while waiting to hear back from [Delta-Sonic], and (2) [Delta-Sonic] prohibited them 'from leaving their homes and travelling any distance away from their assigned car wash location *if doing so would result in them taking more than one hour to arrive if they were called back into work*.'"  Docket Item 56 at 16 (quoting Docket Item 47 at ¶ 52).  Judge Schroeder correctly "note[d] that these two allegations are internally inconsistent"; nevertheless, he found—again correctly—that "reading them together and in [the] plaintiffs' favor," they "mean that [the] plaintiffs were free to engage in any activities they desired so long as they were available to take [Delta-Sonic]'s call and return to their work location within one hour, if so requested."  *Id.*

This Court agrees with Judge Schroeder that "[t]his is not the degree of restraint that makes an employee 'engaged to wait' such that the time is compensable 'work.'"  *See id.* (quoting *Donato v. Serv. Experts, LLC*, 2018 WL 4660375, at *5 (N.D.N.Y. Sept. 28, 2018)).  Accordingly, the SAC fails to state a claim for unpaid wait time.

IV.   **STEPHANIE WETZEL'S AND CHRISTINE MCCONNELL'S MINIMUM WAGE CLAIMS**

Plaintiffs Wetzel and McConnell allege that Delta-Sonic violated the FLSA by failing to pay them a minimum of $7.25 an hour.  Docket Item 47 at ¶¶ 177-189.  More specifically, Wetzel and McConnell allege that "although [Delta-Sonic] attempted to rely on the tip credit to satisfy its minimum wage obligations, [it] failed to satisfy the threshold requirement for entitlement to such a tip credit."  *Id*. at ¶ 182.  According to the SAC, Delta-Sonic failed to "provide accurate notice of [its] attempt to claim a tip credit by neglecting to notify [Wetzel and McConnell] that they would be entitled to retain all tips, that they would [be] entitled to additional wages if their hourly rates fell below the statutory minimum without receiving enough tips, and by failing to accurately list their regular rates of pay before claiming any tip credit."  *Id.*

Judge Schroeder found that Wetzel had failed to state a claim for a minimum wage violation because "[t]he SAC does not plead facts regarding any week in which Wetzel was paid at a sub-minimum wage with the expectation that tips would make up the difference and, in fact, she received no such pay."  Docket Item 56 at 13. Additionally, Judge Schroeder noted that the "plaintiffs allege[d] that [Delta-Sonic] paid employees bonuses and commission, which count towards the minimum wage."  *Id.* But the SAC did not say "whether [Wetzel] did or did not receive such bonuses or commissions so as to impact the minimum wage she was paid in any given week."  *Id.*

Judge Schroeder also concluded that McConnell had failed to state a claim.  *Id.* at 14.  McConnell alleged that "she worked additional 'on-call' hours to bring the hourly wage calculation below the minimum wage."  *Id.*  But because Judge Schroeder

"conclude[d] that the 'on-call' hours d[id] not amount to compensable time," he also found that McConnell had failed to state a claim for a minimum wage violation.  *Id.*

In their objection, the plaintiffs rely on *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110 (2d Cir. 2023), to argue that "the R&R improperly recommend[ed] dismissal of Wetzel's and McConnell's minimum wage claims, ignoring their broad allegations of underpayment in *every* week."  Docket Item 57 at 22.  According to the plaintiffs, "[t]he SAC specifically notes that by failing to properly advise [the p]laintiffs of the tip credit, *every* week worked included hours paid at rates below the minimum wage rate."  *Id.* (citing Docket Item 47 at ¶¶ 62, 132, 158).

But, as Delta-Sonic observes, "[i]t is not sufficient for McConnell or Wetzel to allege that they were paid less than minimum wage for *some hours*"; rather, "to plausibly plead a minimum wage claim an employee must allege facts to show that their 'average hourly wage [fell] below the federal minimum wage' in a workweek."  Docket Item 62 at 19 (alterations in original) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)); *see also Fangrui Huang v. GW of Flushing I, Inc.*, 2019 WL 145528, at *5 (E.D.N.Y. Jan. 9, 2019) (explaining that "to state a FLSA minimum wage claim, [a p]laintiff must prove that, in a given week, the total amount [s]he was paid divided by the number of hours [s]he worked was less than $7.25 per hour").  And although the SAC alleges that "*there were times when* [Wetzel's] weekly wages did not equal minimum wage under the FLSA" and that "Delta-Sonic *never once* compensated her for the difference owed," Docket Item 47 at ¶ 133 (first emphasis added), this is precisely the type of vague allegation that the Second Circuit has found insufficient to state a claim under the FLSA.  *See, e.g.*, *Herrera*, 84 F.4th at 116-17

(explaining that the "pleading standard is unmet if all that plaintiffs allege is [a violation] at *some* undefined period in their employment" because "[s]uch an allegation would be far too vague and unhelpful for putting a defendant on notice of the alleged violation").

That is particularly true here, where—as Judge Schroeder noted—it is unclear whether the plaintiffs received bonuses and commissions on top of their hourly wage. *See* Docket Item 56 at 13.  What is more, it also is unclear whether Wetzel's calculation of her wages for the "times" she allegedly was paid less than minimum wage included unpaid wait time, which, as explained above, is not compensable.  And with respect to McConnell, as Judge Schroeder observed, her allegations state that during a particular week, she worked 8.3 hours and was paid $67.62, which averages $8.14 per hour—well over the $7.25 per hour required by the FLSA.  *See id.* at 14 (citing Docket Item 47 at ¶¶ 155-56).  McConnell's claim that she was paid less than the federal minimum wage therefore hinges on her unpaid wait time claim, which this Court has rejected.

For all those reasons, this Court agrees with Judge Schroeder that Wetzel and McConnell have not stated a minimum wage claim under the FLSA.

## V.   TAYLOR LENNERT'S OVERTIME CLAIM

Judge Schroeder also recommended that this Court dismiss Lennert's overtime claim.  Docket Item 56 at 10-12.  Judge Schroeder observed that "the SAC alleges that Lennert 'routinely' worked more than forty hours per week and 'typically' worked over ten hours a day between March 2017 and August 2019."  *Id.* at 11 (quoting Docket Item 47 at ¶¶ 76-77).  But, Judge Schroeder said, "generalities such as 'regularly,' 'occasionally,' and 'typically' are not sufficient to state an overtime claim under . . . the FLSA."  *Id.* (quoting *Mendoza v. Cornell Univ.*, 2021 WL 918622, at *2 (S.D.N.Y. Mar.

10, 2021)).  "Similarly," Judge Schroeder continued, "as to the week of August 25, 2018, Lennert alleges that she 'worked in excess of forty hours,' but again this is 'little more than a paraphrase of the statute and cannot, standing alone, establish a plausible claim.'"  *Id.* (citations and internal quotation marks omitted).

Lennert objects, arguing that the Second Circuit's recent decision in *Herrera*, 84 F.4th 110, "clarified the degree of specificity that FLSA claims need[] to surpass Rule 12(b)(6)'s plausibility standard."  Docket Item 57 at 21.  According to Lennert, "[u]nder *Herrera*'s controlling precedent, [the] SAC easily asserts a plausible claim for unpaid overtime."  *Id.*  In particular, Lennert relies on the *Herrera* court's conclusion that "[t]he pleading standard is satisfied . . . if [the] plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during *every* week in which they worked their regular schedule."  84 F.4th at 117; *see* Docket Item 57 at 21.  In other words, the plaintiff in *Herrera* alleged that her schedule required her to work more than forty hours a week every week, *see* 84 F.4th at 115, and Lennert argues that the allegations in the SAC are "virtually identical to the pleading in *Herrera*," Docket Item 57 at 22.

Unlike Herrera, however, Lennert pleaded in the SAC that "[f]rom the commencement of her employment until August 2019, [she] worked full time for Delta-Sonic, at least five days per week, and *routinely* worked in excess of forty (40) hours per week, *typically* working over ten hours each day."  Docket Item 47 at ¶ 77 (emphasis added).  This Court agrees with Judge Schroeder that this is precisely the type of pleading that the Second Circuit—including in *Herrera*—has stated is insufficient.  *See* Docket Item 56 at 11; *Herrera* at 84 F.4th at 114 ("It is not enough to allege that the

plaintiff worked in excess of forty hours 'in some or all workweeks.'" (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013))).  In other words, unlike the plaintiff in *Herrera*, Lennert does not allege that she had a set schedule requiring her to work more than forty hours a week, every week.

Lennert does, however, identify one specific workweek—Saturday, August 25, 2018, through Friday, August 31, 2018—when she allegedly "worked in excess of forty hours while physically working at [Delta-Sonic]'s carwash, separate and apart from any [o]n-[c]all work that she performed."  Docket Item 47 at ¶¶ 80, 84.  During that week, Lennert claims she worked at three different rates of pay: $10.40 per hour for her non-tipped work as an "outside car wash" technician and an "inside detail" technician; $7.85 per hour for her tipped work in both of those positions; and $12.00 per hour for her work as an "advisor."  *Id.* at ¶¶ 81-83.  Lennert acknowledges that Delta-Sonic paid her an overtime rate, but she claims that rate was calculated incorrectly.  *See id.* at ¶ 85 (alleging that Lennert was paid "$11.78 per hour—i.e., one and one-half times her *tipped* minimum wage rate of $7.85—for her hours worked over forty that week").  Thus, Lennert says, Delta Sonic "failed to pay [her] the weighted average of her combined rates of pay *before* taking any tip credit for all hours worked over forty that week."  *Id.* at ¶ 86.

The Second Circuit has "reiterate[d] that determining whether a [FLSA] claim is plausible is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 n.10 (2d Cir. 2013) (quoting *Lundy*, 711 F.3d at 114).  At bottom, what is required is that a plaintiff "sufficiently allege '[forty] hours of

work in a given workweek as well as some uncompensated time in excess of the [forty] hours.'" *Herrera*, 84 F.4th at 115 (quoting *Lundy*, 711 F.3d at 114).

The Court finds the plausibility of Lennert's overtime claim for this specific week to be a close question. As Judge Schroeder observed, Lennert does not give any detail about how many hours—even approximately—she worked at each rate; nor does she say how many overtime hours she worked. *See* Docket Item 56 at 11 ("How many total hours did she work that week, and how much was she paid? The SAC is silent on these questions."). That being said, the Second Circuit has made clear that "a complaint need not . . . 'set forth the approximate number of unpaid regular and overtime hours allegedly worked,'" so long as the plaintiff's claim crosses the plausibility threshold. *Herrera*, 84 F.4th at 114 (quoting *Nakahata*, 723 F.3d at 201 n.10)). Taking Lennert's allegations as true—that she worked more than forty hours for that specific week at three different rates and was paid the lowest rate rather than the weighted average— this Court finds it plausible that Delta-Sonic violated the FLSA's overtime provision. *See Estrella v. P.R. Painting Corp.*, 356 F. App'x 495, 496 (2d Cir. 2009) (summary order) ("When work in a single workweek is performed at two or more non-overtime rates, 29 U.S.C. § 207(a) requires that overtime ordinarily be compensated at not less than one-and-a-half times the weighted average of all non-overtime rates applied during that workweek." (citing *Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 596-97 (2d Cir. 2007))). Thus, this Court finds that Lennert has plausibly alleged an overtime claim under the FLSA.

That is not the end of the inquiry, however. This Court has reviewed the wage statements that Delta-Sonic submitted, and the Court agrees with Delta-Sonic that

Lennert's wage statement appears to show she was sufficiently compensated for her overtime in the specific week she identified in her complaint.  As this Court explained above, *see* Section II *supra*, it would not be proper to consider that wage statement on a motion to dismiss.  The Court can, however, consider it on a motion for summary judgment, and—in light of the fact that the wage statement may be dispositive of Lennert's overtime claim—this Court finds that a motion for summary judgment may well be appropriate at this stage.[7]  As a result, Delta-Sonic may file a motion for summary judgment on Lennert's overtime claim on or before May 1, 2024.[8]  Delta-Sonic's time to answer the SAC is tolled until May 1, 2024, or—if Delta-Sonic files a motion for summary judgment on or before that date—until this Court decides that motion.

## VI.    STATE LAW CLAIMS

Judge Schroeder recommended that this "Court decline to exercise its supplemental jurisdiction over [the] plaintiffs' state law claims and dismiss them without prejudice."  Docket Item 56 at 17.  Delta-Sonic objects to that recommendation, argues that this Court's exercising supplemental jurisdiction "is entirely appropriate," and urges this Court to dismiss the plaintiffs' state law claims with prejudice.  Docket Item 58 at 9-13.

---

[7]  Because the motion to dismiss encompassed numerous other issues, this Court finds it more efficient to have Delta-Sonic file a targeted summary judgment motion on Lennert's overtime claim rather than convert the present motion under Federal Rule of Civil Procedure 12(d).

[8]  The time period to respond and reply to the motion is set by Local Rule of Civil Procedure 7(b).

A "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity[]' in deciding whether to exercise jurisdiction."  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "The exercise of supplemental jurisdiction is within the sound discretion of the district court."  *Lundy*, 711 F.3d at 117 (citing *Cohill,* 484 U.S. at 349-50).  "[I]n the usual case in which all federal[ ]law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[ ]law claims."  *Kolari*, 455 F.3d at 122 (alterations in original) (quoting *Cohill*, 484 U.S. at 350 n.7); *see also Donato*, 2018 WL 4660375, at *2 ("Where, as here, a plaintiff's federal claims will be dismissed before trial, a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances." (quoting *B.A. v. City of Schenectady Sch. Dist.*, 209 F. Supp. 3d 515, 528 (N.D.N.Y. 2016))).

This Court agrees with Judge Schroeder that—if this Court dismisses all of the plaintiffs' federal claims—it should decline to exercise supplemental jurisdiction over their state law claims.  This case is still at an early stage, and this Court has not yet passed on the viability of any of the plaintiffs' state law claims.  So judicial economy would not be served by retaining jurisdiction over those claims.

But, as explained above, it remains to be seen whether Lennert's FLSA overtime claim can proceed to discovery.  Thus—in the interest of judicial efficiency—this Court

denies without prejudice Delta-Sonic's motion to dismiss the plaintiffs' state law claims. If this Court grants summary judgment to Delta-Sonic on Lennert's FLSA overtime claim (or if Lennert opts to voluntarily dismiss that claim) then this Court will decline to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. If this Court denies summary judgment on Lennert's FLSA overtime claim, then it will revisit Delta-Sonic's motion to dismiss the state law claims at that time.

## CONCLUSION

For the reasons stated above, Delta-Sonic's second motion to dismiss, Docket Item 48, is GRANTED IN PART and DENIED IN PART. More specifically, Delta-Sonic's motion is DENIED with respect to Taylor Lennert's overtime claim under the FLSA, GRANTED with respect to the plaintiffs' remaining federal claims, and DENIED WITHOUT PREJUDICE with respect to the plaintiffs' state law claims. Delta-Sonic may file a motion for summary judgment on Lennert's overtime claim on or before May 1, 2024. In the interest of efficiency, this Court will consider the motion for summary judgment in the first instance, rather than refer the case back to Judge Schroeder. Delta-Sonic's time to answer the SAC is tolled until May 1, 2024, or—if Delta-Sonic files a motion for summary judgment on or before that date—until this Court decides that motion.

SO ORDERED.

Dated:        March 30, 2024
              Buffalo, New York

                                        _/s/ Lawrence J. Vilardo_____
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE