

350 Linden Oaks | Third Floor | Rochester, NY 14625 | **bsk.com**

**KATHERINE MCCLUNG, ESQ.**
McClungK@bsk.com
P: 585.362.4703
F: 585.362.4732

**By Electronic Filing**

June 4, 2024

Honorable Lawrence J. Vilardo
United States District Judge
2 Niagara Square
Buffalo, New York 14202

    Re:   *Lennert et al v. Delta-Sonic Carwash Systems, Inc.*
             *Docket No: 20-cv-00479 (LJV)(HKS)*

Dear Judge Vilardo:

The parties submit this joint motion in response to this Court's Text Order on May 21, 2024 (Docket No. 72), which requested additional information for the Court to determine whether to approve the parties' Stipulation of Dismissal (Docket No. 71).

The Stipulation of Dismissal contains all of the terms of the parties' agreement. The parties have not entered into any separate agreements to settle any of Plaintiffs' claims in this matter. The parties decided to enter into the Stipulation of Dismissal after the Court issued its Decision & Order on March 30, 2024 (Docket No. 66), regarding Delta-Sonic's Motion to Dismiss the Second Amended Complaint. In the Decision & Order, the Court found "the plausibility of [Taylor] Lennert's overtime claim for th[e] specific workweek [plead in the Second Amended Complaint] to be a close question." (*See* Decision & Order, at 15). Ultimately, the Court concluded that the claim was plausibly plead, but noted as follows:

> That is not the end of the inquiry, however. This Court has reviewed the wage statements that Delta-Sonic submitted, and the Court agrees with Delta-Sonic that Lennert's wage statement appears to show she was sufficiently compensated for her overtime in the specific week she identified in her complaint… [I]t would not be proper to consider that wage statement on a motion to dismiss. The Court can, however, consider it on a motion for summary judgment, and – in light of the fact that the wage statement may be dispositive of Lennert's overtime claim – this Court finds that a motion for summary judgment may well be appropriate at this stage. As a result, Delta-Sonic may file a motion for summary judgment on Lennert's overtime claim….

Hon. Lawrence J. Vilardo
June 4, 2024
Page 2

> If this Court grants summary judgment to Delta-Sonic on Lennert's FLSA overtime claim (or if Lennert opts to voluntarily dismiss that claim) then this Court will decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

(Decision & Order, at 15-16, 18). The parties subsequently entered into the Stipulation of Dismissal.

The Stipulation of Dismissal is a fair and reasonable resolution of T. Lennert's FLSA overtime claim while dismissing without prejudice all of Plaintiffs' remaining New York Labor Law claims to be litigated in a New York Supreme Court forum. It results in the same outcome for T. Lennert's FLSA overtime claim (*i.e.*, dismissal with prejudice) as if Delta-Sonic successfully moved for summary judgment on that claim.

With respect to Plaintiff's range of possible recovery and the seriousness of litigation risks faced by the parties, the Court has already observed that the wage statement previously submitted by Delta-Sonic "appears to show that she was sufficiently compensated for her overtime in the specific week she identified in her complaint" and that the "wage statement may be dispositive of Lennert's overtime claim" on a motion for summary judgment. (*See* Decision & Order at 16). Accordingly, T. Lennert faces a serious risk of having her FLSA overtime claim dismissed with prejudice after a motion for summary judgment. The Stipulation of Dismissal enables the parties to avoid the expense of such a summary judgment motion in this Court. And while Plaintiffs submit that they would be able to withstand summary judgment, they believe the time, expense, and guarantee of further delay counsels in favor of dismissing this claim now while preserving Plaintiff T. Lennert's ability to pursue the same claim under the New York Labor Law in state court. Defendant reserves all rights and defenses with respect to the New York Labor Law claims should Plaintiffs re-file in state court.

The Stipulation of Dismissal was negotiated at arms-length by the parties' counsel, who all have substantial experience handling wage and hour class / collective actions in federal and state court. Specifically, Louis Orbach has regularly handled these types of cases for 16 years, Katherine McClung has done so for 10 years, Jon Norisberg has done so for over 25 years, and Michael Minkoff has done so for over 10 years. Counsel advised their respective clients about the Stipulation of Dismissal and obtained their clients' consent to this approach prior to executing and filing the Stipulation of Dismissal. There is no possibility of fraud or collusion in this action.

Therefore, the parties jointly and respectfully request the Court approve the parties' Stipulation of Dismissal. Thank you for your consideration of this joint request.

Hon. Lawrence J. Vilardo
June 4, 2024
Page 3

Respectfully submitted,

*/s/ Katherine McClung*                                    */s/ Michael Minkoff*

Katherine McClung, Esq.                                   Michael Minkoff, Esq.
*Attorney for Defendant*                                  *Attorney for Plaintiffs*

                                                          IT IS SO ORDERED.


                                                          _____
                                                          United States District Judge
                                                          Date:  _____